Israel REYES, Plaintiff-Appellant,

v.

Martin HOFFMAN, Secretary of the Army, Defendant-Appellee.

No. 77–1934.

United States Court of Appeals, Tenth Circuit.

Submitted March 14, 1978.

Decided July 31, 1978.

Larry R. Hill, Las Cruces, N. M., for plaintiff-appellant.

Victor R. Ortega, U. S. Atty., and Charles N. Estes, Jr., Asst. U. S. Atty., Albuquerque, N. M., for defendant-appellee.

Before DOYLE, McKAY, and LOGAN, Circuit Judges.

McKAY, Circuit Judge.

Plaintiff Israel Reyes, a Mexican-American federal employee, brought this action pursuant to 42 U.S.C. § 1981 (1970) and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq. (1970), after having ex-

hausted his administrative remedies.[1] Plaintiff initially brought this action individually and on behalf of all others similarly situated, but the trial court denied the certification of this cause as a class action. Thus, when the matter came to trial the sole issue was whether plaintiff had been subjected to the unlawful employment discrimination based on national origin. Following a trial to the court sitting without a jury, plaintiff's cause of action was dismissed. We affirm.

Plaintiff has been employed as an electronics engineer by the government at White Sands Missile Range, New Mexico, since 1953. From 1972 until November 1974, he was assigned as Chief of the Systems Management Unit of the Telemetry Section in the Electronics Branch of the Data Collection Division. Prior to 1974, the Systems Management Unit was one of four units within the Telemetry Section, which itself was one of four sections in the Electronics Branch. In a major reorganization of the Division in 1974, the Electronics Branch was eliminated and two new branches were created: Telemetry and Continuous-wave Systems. The four units of the former Telemetry Section were reformed into three sections of the new Telemetry Branch, with no subsections or units remaining. As a result of the elimination of these component units, plaintiff lost his supervisory status and became a Senior Electronics Engineer in one of the new sections in the Telemetry Branch. He retained the same GS level, pay and benefits and, except for the loss of responsibility for personnel management, his functions and responsibilities remained similar to those he had prior to the reorganization. Plaintiff argued below that this reassignment jeopardized his opportunity for management and was motivated by a desire to discriminate against him because of his Mexican-American ethnic background. The district court held that his reassignment was not related to his national origin.

Unlike our recent case of *Hurley v. United States*, 575 F.2d 792 (10th Cir., filed April 17, 1978), this case does not involve a challenge to the reduction in force proceedings by which plaintiff was reassigned. The sole issue on appeal is whether the trial court's finding of no discrimination must be sustained.

■ The question whether an employer has discriminated against an employee because of his national origin in violation of 42 U.S.C. §§ 2000e *et seq.* is essentially an issue of fact. *See Higgins v. Gates Rubber Co.*, No. 76–1847, 578 F.2d 281 (10th Cir., filed June 15, 1978). Since plaintiff does not raise any issues of law in his appeal, our review is limited to a determination of whether the trial judge's factual findings of no discrimination are "clearly erroneous" under Rule 52(a) of the Federal Rules of Civil Procedure. In applying that standard, the test is whether the appellate court, after reviewing all of the evidence, is left "with the definite and firm conviction that a mistake has been committed." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 123, 89 S.Ct. 1562, 1576, 23 L.Ed.2d 129 (1969); *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *Olson v. Philco-Ford*, 531 F.2d 474, 476 (10th Cir. 1976).

We have made a careful review of the pleadings, exhibits, briefs, and trial transcript and are not left "with the definite and firm conviction that a mistake has been committed." There is no evidence that the reorganization by which plaintiff was reassigned was motivated by an adverse consideration of his national origin. There is no evidence that the effect of the reorganization created a disproportionate impact on Mexican-American employees, including plaintiff. To the contrary, plaintiff admitted at trial that seven Anglo employees, previously occupying supervisory positions

---

1. Plaintiff filed an Equal Employment Opportunity complaint with the Department of the Army at the White Sands Missile Range alleging primarily that the abolition of his position as part of a reorganization had been motivated by a desire to discriminate against him because of his Mexican-American ethnic background. The agency's finding of no discrimination was affirmed by the Civil Service Commission Appeals and Review Board.

comparable to his, were also reassigned to nonsupervisory positions as a result of the same reorganization. In a community where Mexican-Americans constitute roughly 43 percent of the population, the fact that one of eight employees transferred out of supervisory positions was a Mexican-American does not raise even an inference of discrimination, much less does it render the finding of nondiscrimination clearly erroneous.

Plaintiff quotes at length the testimony of Gus Bigelow, Chief of the Quality Assurance Office at the White Sands Missile Range, and argues that this testimony is "the crux of the matter," and controls the disposition of this appeal. When asked about information regarding the opinion that various employment managers might have of plaintiff, Mr. Bigelow answered: "Mr. Reyes has an image of a certain kind, and . . . it is a distinct one among the management people. . . . I think that he . . . is generally considered as, I suppose, a part of the employees that generally are not effective in their jobs and that tend to be involved in complaints and that sort of thing." Record, vol. 3, at 128. Neither when read alone nor in the context of the entire line of questioning does the statement quoted indicate that this perceived image of plaintiff derived from his national origin.

Instead of finding national origin discrimination, the district judge found that

The 1974 reorganization was implemented after a study prompted by and for the purpose of eliminating inefficiencies which were causing delays relative to use of the test range. The reorganization was an attempt to simplify the chain of command by reducing layers of supervision and thus, was largely a streamlining process, consolidating engineering functions that had previously been divided between small groups and separating technician functions.

Record, vol. 1, at 30. These findings are amply supported by evidence introduced at trial.

Lacking the requisite definite and firm conviction that a mistake has been committed, we hereby

AFFIRM.