**Gertie SIMMONS and Thomas Baker,
Plaintiffs-Appellants,**

v.

**CAMDEN COUNTY BOARD OF EDU-
CATION, et al., Defendants-Appellees.**

No. 84–8309.

United States Court of Appeals,
Eleventh Circuit.

April 15, 1985.

Kathleen M. Allen, Belmont, Mass., Michael Sussman, Brooklyn, N.Y., for plaintiffs-appellants.

John J. Ossick, Jr., Kingsland, Ga., for defendants-appellees.

Before RONEY and HILL, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

The plaintiffs are former teachers at Camden County High School who were suspended from their positions on February 11, 1977, and subsequently discharged for cause. In the summer of 1976, both had filed charges of racial discrimination against the school district with the Office of Civil Rights of the then Department of Health, Education and Welfare ("HEW"). Following a timely complaint to the Equal Employment Opportunity Commission ("EEOC"), the plaintiffs filed this suit alleging that they were discharged in retaliation for the filing of the discrimination complaints with HEW, in violation of § 704(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3(a).

Following a bench trial, the district court made findings of fact and conclusions of law. The court concluded that although the plaintiffs had established a prima facie case of retaliation, they did not prove by a preponderance of the evidence that the defendants' articulated reasons for discharging them were merely a pretext for discrimination.

The plaintiffs contend that the district court's findings of fact concerning disparate treatment and motive were inadequate and clearly erroneous. They also contend that the district court erred in allocating to them the burden of disproving the defendants' articulated reasons for terminating the plaintiffs, in light of what the plaintiffs insist was direct evidence of discriminatory animus. We do not agree, and we therefore affirm.

The plaintiffs did introduce considerable documentary evidence of instances of poor performance and misconduct in varying degrees of severity among other faculty members, which did not result in termination or suspension. This fact was specifically noted by the district court in its findings of fact. The plaintiffs believe that this evidence merited more detailed findings. In our opinion, the district court adequately noted the significance of the plaintiffs' evidence.

The plaintiffs missed the point of the district court's findings and conclusions. The court did find that the plaintiffs' infractions were in fact dealt with more severely than were comparable in-

fractions by other faculty members. This is precisely the fact which the plaintiffs were seeking to prove. However, the court found that the disparate treatment was not in response to the filing of the complaints with the HEW. Rather, it accepted the defendants' testimony that the plaintiffs were suspended and discharged because their infractions were perceived to be part of an ongoing pattern of conduct manifesting disrespect and open defiance toward the supervisory authority of the school principal, Peter Baker, wholly apart from the filing of the complaints. Peter Baker is plaintiff Thomas Baker's brother. In 1976, he, too, had filed discrimination charges against the school system, which he later withdrew. After examining the record, we conclude that these findings were not clearly erroneous. *See Pullman Standard v. Swint*, 456 U.S. 273, 289–90, 102 S.Ct. 1781, 1790–91, 72 L.Ed.2d 66 (1982).

■■■■ The plaintiffs also contend that the burden should have been on the defendants to prove that the plaintiffs would have been suspended and discharged even if they had not filed the charges.

It is true that the allocation of proof prescribed in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), does not apply in a case where substantial direct evidence of discrimination is shown, sufficient to establish that discrimination was a significant factor in an employment decision. *Bell v. Birmingham Linen Service*, 715 F.2d 1552, 1557 (11th Cir.1983).

Here, however, there was only circumstantial evidence of retaliation, chiefly in the form of remarks by David Rainer, the superintendent of schools, demonstrating his displeasure about the HEW investigation and his association of plaintiff Thomas Baker with the investigation. In a retaliatory discharge case under § 704(a), where there is no direct evidence of retaliation, we have held that a plaintiff may make a prima facie case of retaliation by proving:

> (1) that there was a statutorily protected participation, (2) that an adverse employment action occurred, and (3) that there was a causal link between the participation and the adverse employment action.

*Whatley v. Metropolitan Atlanta Rapid Transit Authority*, 632 F.2d 1325, 1328 (5th Cir., Unit B, 1980).

We do not construe the "causal link" in the *Whatley* formula to be the sort of logical connection that would justify a prescription that the protected participation in fact prompted the adverse action. Such a connection would rise to the level of direct evidence of discrimination, shifting the burden of persuasion to the defendant. Rather, we construe the "causal link" element to require merely that the plaintiff establish that the protected activity and the adverse action were not wholly unrelated.

We believe that the plaintiffs' evidence of Rainer's feeling about the HEW investigation, his knowledge of Thomas Baker's involvement and Peter Baker's knowledge of both plaintiffs' involvement in the investigation did no more than establish the necessary "causal link" between their complaints and their termination, as we have defined that term. This evidence enabled them to overcome the initial hurdle of having to make a prima facie showing of retaliation. It did not, however, relieve them of the burden of overcoming any legitimate reasons articulated by the defendants. As noted above, the district court concluded that the plaintiffs failed to meet that burden, and that finding is not clearly erroneous.

AFFIRMED.