851 P.2d 143

Clyde MILLER, Plaintiff–Appellant,

v.

SERVICEMASTER BY REES, Carolyn Powers and John Doe Powers, wife and husband, Defendants–Appellees.

No. 1 CA–CV 90–0644.

Court of Appeals of Arizona, Division 1, Department E.

Oct. 15, 1992.

Review Denied May 18, 1993.*

---

* Martone, J., of the Supreme Court, voted to grant review on the question of the existence of

a conditional privilege.

Hill & Midgley by James W. Hill, Scott K. Midgley, Phoenix, for plaintiff-appellant.

Broening, Oberg & Woods by James R. Broening, Neal B. Thomas, Cynthia V. Cheney, Phoenix, for defendants-appellees.

## OPINION

PORTLEY, Judge.[1]

On November 29, 1989, the appellant filed his lawsuit against appellees, Carolyn Powers and her employer, Servicemaster By Rees ("Servicemaster") after Ms. Powers reported that he had sexually harassed her and that report was transmitted to his employer. The trial court granted appellee's summary judgment motion and dismissed the claims. As a result, this court is asked to decide whether a person who reports perceived work place sexual harassment may be liable for defamation or interfering with a business relationship.

The relevant facts are straightforward and we have considered them in a light most favorable to appellant in reviewing the grant of summary judgment. *See Wagenseller v. Scottsdale Memorial Hospital*, 147 Ariz. 370, 388, 710 P.2d 1025, 1043 (1985). On July 19, 1987, Ms. Powers, a Servicemaster employee, was providing janitorial services for appellant's employer. She walked into an office where appellant was working and walked towards the file drawer he had opened. Appellant, without warning or discussion, touched Ms. Powers' lower right leg with the flat part of his hand to prevent her from tripping over the open bottom file drawer. Neither party had any conversation about the touching.

Ms. Powers perceived the act to be sexually harassing and reported it to her supervisor. Servicemaster reported the incident to appellant's employer. Appellant denies that he committed any act of sexual harassment and claims that Ms. Powers misperceived the touching.

---

**1.** The Honorable Maurice Portley, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to article 6, section 3 of the Arizona Constitution.

## DEFAMATION CLAIMS

The appellant claims that the written and verbal reports of the incident are defamatory as a matter of law because they adversely damaged his professional reputation. He also alleges that his act of touching Ms. Powers cannot be sexual harassment because it did not substantially interfere with her work performance or create an abusive work environment. *See Meritor Savings Bank v. Vinson,* 477 U.S. 57, 66–67, 106 S.Ct. 2399, 2405–06, 91 L.Ed.2d 49 (1986). Appellees argue that Ms. Powers' interpretation of the act is protected opinion, an absolute defense, because she perceived the touching to be sexual harassment. *See MacConnell v. Mitten,* 131 Ariz. 22, 25, 638 P.2d 689, 692 (1981); *Glaze v. Marcus,* 151 Ariz. 538, 540, 729 P.2d 342, 344 (App. 1986); *see also,* Restatement (Second) of Torts § 566 (1977).

Appellees' argument that the statement was an opinion and is, therefore, an absolute defense to a defamation claim has been questioned by the United States Supreme Court and the Arizona Supreme Court. *See Milkovich v. Lorain Journal Company,* 497 U.S. 1, 17–24, 110 S.Ct. 2695, 2705–08, 111 L.Ed.2d 1 (1990); *Yetman v. English,* 168 Ariz. 71, 811 P.2d 323 (1991). Both courts indicate that publication of an "opinion" is not an absolute defense or entitled to special protection. Instead, the relevant question is whether the statement makes or implies a provable false assertion of fact. *Milkovich,* 497 U.S. at 19–20, 20–22, 110 S.Ct. at 2706, 2707; *Yetman,* 168 Ariz. at 75–77, 811 P.2d at 327–29; *accord, Unelko Corp. v. Rooney,* 912 F.2d 1049, 1053–55 (9th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1586, 113 L.Ed.2d 650 (1991).

■ If we applied the *Yetman* analysis to this case, Ms. Powers' statements would not be absolutely privileged and a trier of fact might have to determine whether her assertions of sexual harassment were directly or by implication false. *See Yetman,* 168 Ariz. at 81, 811 P.2d at 333; *cf. Ellison v. Brady,* 924 F.2d 872, 879 (9th Cir.1991) (adopting the "reasonable woman" standard in sexual harassment cases).

We do not have to determine whether the sexual harassment statement and publication could be found to be false because we find them to be conditionally privileged. *See Green Acres Trust v. London,* 141 Ariz. 609, 616, 688 P.2d 617, 624 (1984); *Hirsch v. Cooper,* 153 Ariz. 454, 458, 737 P.2d 1092, 1096 (App.1987); *see also* Restatement (Second) of Torts §§ 594, 596 (1977).

In *London,* the Arizona Supreme Court recognized a two part test for determining whether a qualified privilege exists. First, the court must examine the circumstances to determine whether there was an obligation to speak. 141 Ariz. at 616, 688 P.2d at 624. Second, once a conditional privilege applies, a plaintiff must prove the privilege was abused by proving actual malice or by demonstrating excessive publication. *Id.* Actual malice is a question of fact for a jury and it can be demonstrated by proving a defendant made a statement knowing it was false or with reckless disregard of its truth. *Id.; see also Aspell v. American Contract Bridge League,* 122 Ariz. 399, 401, 595 P.2d 191, 193 (App.1979). If there is no evidence of malice or of excessive publication then the court can resolve the issue. *Sewell v. Brookbank,* 119 Ariz. 422, 426, 581 P.2d 267, 271 (App.1978).

In this case a conditional privilege exists because public policy dictates that employees must be protected from workplace sexual harassment. *See* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2 (1988); 29 C.F.R. §§ 1601.1 et seq. (1991); Ariz.Rev.Stat.Ann. § 41–1463 (1992) (Arizona's Title VII); *see also Garziano v. E.I. Du Pont De Nemours & Co.,* 818 F.2d 380, 387–88 (5th Cir.1987) (recognizing that state and federal laws "condemn sexual harassment as a matter of public policy"). That interest can only be protected if employees can report perceived acts of sexual harassment regardless whether the acts were intended to harass. Accordingly, Ms. Powers' report and Servicemaster's transmittal of that report to appellant's employer were for the benefit of protecting her from unwanted harassment, real or perceived, and are conditionally protected.

The evidence, moreover, when reviewed favorably for the appellant, did not factually challenge the report except to say that the act was misperceived. There was not even an inference of malice or excessive publication that might create fact questions. There was no challenge indicating that the statement was false, that Ms. Powers' perception had no basis in fact, that it was made in reckless disregard of the truth, or that it was reported excessively. Since there is no factual evidence indicating malice or excessive publication, this court can dispose of the issue. *See Sewell v. Brookbank*, 119 Ariz. at 426, 581 P.2d at 271. Accordingly, we find that summary judgment was properly granted because there were no facts indicating that the conditional privilege was abused. *See Orme School v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).

## INTENTIONAL INTERFERENCE WITH A BUSINESS RELATIONSHIP

In Arizona, the tort of intentional interference with a business relationship requires proof of:

1. The existence of valid contractual relationship or business expectancy;

2. knowledge of the relationship or expectancy on the part of the interferor;

3. intentional interference inducing or causing a breach or termination of the relationship or expectancy; and

4. resultant damage to the party whose relationship or expectancy has been disrupted.

*Antwerp Diamond Exchange v. Better Business Bureau*, 130 Ariz. 523, 529–30, 637 P.2d 733, 739–40 (1981).

■ Additionally, the interference must be improper before liability will attach. *Wagenseller v. Scottsdale Memorial Hospital*, 147 Ariz. at 388, 710 P.2d at 1043. As the Court stated:

We find nothing inherently wrongful in interference itself. If the interferer is to be held liable for committing a wrong, his liability must be based on more than the act of interference alone. Thus, there is ordinarily no liability absent a showing that defendant's actions were improper as to motive or means.

*Id.*

*Wagenseller* adopted the seven factors listed in § 767, Restatement (Second) of Torts, to determine whether an interference is improper. The factors to be examined include:

(a) the nature of the actor's conduct,

(b) the actor's motive,

(c) the interests of the other with which the actor's conduct interferes,

(d) the interests sought to be advanced by the actor,

(e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other,

(f) the proximity or remoteness of the actor's conduct to the interference and

(g) the relations between the parties.

*Wagenseller* 147 Ariz. at 387, 710 P.2d at 1042 quoting Restatement (Second) of Torts § 767.

■ In this case, the appellant failed to make a *prima facie* case that the appellee's report of the sexual harassment allegation was improper. Second, there was no evidence that Ms. Powers had any improper motive to report the touching as sexual harassment. The appellant has admitted the touching.

Third, and most importantly, there is a strong public policy to protect a worker's right to report alleged sexual harassment. Workers should be free to report alleged sexual harassment without fear of liability, absent malice in fact. Consequently, absent malice in fact or improper interference, workers can report alleged work place sexual harassment without fear of liability.

## CONCLUSION

Based on the foregoing, we affirm the trial court's decision granting summary judgment to the appellees. The appellees have requested attorneys' fees pursuant to Rule 25, Arizona Rules of Civil Appellate

522

Procedure. We decline to award fees in the exercise of our discretion.

CLABORNE, P.J., and GARBARINO, J., concur.