**Dost DURRANI, Plaintiff,**

v.

**VALDOSTA TECHNICAL INSTITUTE, et al., Defendants.**

**Civ. A. No. 91–129–VAL (WDO).**

United States District Court,
Middle District Georgia,
Valdosta Division.

Dec. 28, 1992.

Allan Leroy Parks, Jr., Harlan S. Miller, III, Atlanta, GA, for plaintiff.

Kattegummula Prabhaker Reddy, Jeffrey L. Milsteen, Atlanta, GA, for defendants.

## ORDER

OWENS, Chief Judge.

Dost Durrani ("plaintiff") filed the instant action on December 2, 1991, against the defendants, Valdosta Technical Institute ("VTI"), the President of VTI, James Bridges ("Bridges"), and the Vice President of VTI, Owen Pruitt ("Pruitt"), in both their individual and official capacities under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. §§ 1981 and 1983, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). Plaintiff alleges that his con-

tract with VTI was not renewed because of his national origin (Pakistan), his religion (Muslim), and his age (54 years old). Plaintiff further alleges that his nonrenewal was in retaliation for his testimony to the Office of Fair Employment Practices (the "OFEP") in violation of the ADEA and § 1983. Plaintiff seeks damages, injunctive, and declaratory relief.

Before the court are motions for summary judgment filed by defendants VTI, Bridges, and Pruitt. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court hereby makes the following findings of undisputed material facts and conclusions of law.

## FACTS

Plaintiff is an American citizen from Pakistan. He was born on October 19, 1938. In 1979, plaintiff began teaching at VTI, where he taught a course in personal finance. He remained in that position until June of 1990 when his contract was nonrenewed.

VTI provides technical and vocation instruction in the six-county area of Lowndes, Echols, Berrien, Brooks, Cook, and Lanier counties. Until 1988, VTI was governed by the local school system. In 1988, the technical institutes in Georgia came under the supervision of the Georgia Department of Technical and Adult Education ("DTAE"). The DTAE developed statewide curriculum standards for all the technical institutes. These new state standards deleted the course of personal finance from the curriculum.

Prior to the standardization of the curriculum, personal finance was a required course for a majority of the programs offered at VTI. Under the revised curriculum standards, personal finance became an elective course. As a result, the enrollment level in personal finance declined. On January 11, 1990, and March 12, 1990, Pruitt notified plaintiff that he was recommending the nonrenewal of his contract because of the lack of enrollment in the personal finance course. (Defendants' Exhibits 1 & 2). On March 23, 1990, Bridges

notified plaintiff that his contract with VTI would not be renewed for the 1990–1991 school year. The personal finance course is no longer taught at VTI.

## DISCUSSION

### I. Title VII

■ To prevail under Title VII, the plaintiff must prove that the defendant "had a discriminatory intent or motive" in taking the alleged action. *Watson v. Ft. Worth Bank & Trust*, 487 U.S. 977, 986, 108 S.Ct. 2777, 2784, 101 L.Ed.2d 827, 839 (1988). Because plaintiff has presented no direct evidence of discrimination, the court will apply the burden shifting analysis established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ Under *McDonnell Douglas*, the plaintiff must first establish a *prima facie* case of intentional discrimination by showing that he (1) was a member of a protected class; (2) was qualified for the job; (3) was subjected to adverse employment action; and (4) was replaced by one outside the protected class. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824. Once the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for its actions. *Id.* The plaintiff must then prove that the nondiscriminatory reason offered by the defendant is pretextual. *Id.* at 806, 93 S.Ct. at 1826.

■ Plaintiff was a member of a protected class, was qualified to do the job, and was subjected to adverse employment action. Defendants contend that plaintiff cannot satisfy the fourth element because VTI did not rehire anyone. Plaintiff contends in opposition that Ms. Marlene Carter replaced him. However, Ms. Carter, an instructor at VTI since 1984, teaches the child care and home economic courses. (Carter Deposition pp. 6–7). Furthermore, plaintiff was not qualified to teach such courses.

The court concludes that Ms. Carter did not replace plaintiff within the meaning of

*McDonnell Douglas.* Therefore, plaintiff has failed to make out a *prima facie* case of discrimination. Consequently, the court GRANTS defendants' summary judgment motion under Title VII.

## II. 42 U.S.C. § 1981

■ Plaintiff asserts a claim under the amended version of 42 U.S.C. § 1981. The issue of whether the Civil Rights Act of 1991 (the "Act") can be retroactively applied to conduct occurring before the Act was enacted, however, has yet to be decided by the Eleventh Circuit. As numerous district courts in this circuit have already addressed this issue, this court will not repeat the arguments for and against retroactive application of the Act. *See, e.g., King v. Tandy Corp./Radio Shack,* 798 F.Supp. 701 (M.D.Ga.1992); *Toney v. Alabama,* 784 F.Supp. 1542 (M.D.Ala.1992). Because retroactive application of the Act would work a manifest injustice on the rights of the employer, the court concludes that section 101 of the Act is to be applied prospectively.

Having determined that the Act does not apply in this case, the court looks at the law that existed at the time plaintiff was allegedly discriminated against. In *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), the Supreme Court held that a § 1981 claim pursuant to the "making" clause is limited to the discriminatory refusal to enter into a contract, or the offer to make a contract on discriminatory terms. Therefore, once the employment contract has been entered into, racial discrimination claims are no longer cognizable under § 1981.

■ In the instant case, plaintiff and defendants had already established their employment relationship. Because plaintiff has alleged discriminatory conduct occurring after the formation of the contract, under *Patterson* he cannot maintain a § 1981 claim. Consequently, the court GRANTS defendants' summary judgment motion under § 1981.

## III. 42 U.S.C. § 1983

### A. Eleventh Amendment Immunity

■ VTI and defendants Bridges and Pruitt, in their official capacities, have raised the affirmative defense of state sovereign immunity. VTI is an agency of the State of Georgia. Bridges and Pruitt are state officials. The Eleventh Amendment bars suits against a state or its agencies in federal court. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Therefore, VTI and defendants Bridges and Pruitt, in their official capacities and to the extent plaintiff seeks monetary relief, are immune from plaintiff's § 1983 claim. Consequently, the court hereby GRANTS defendants' motion for summary judgment on the basis of Eleventh Amendment immunity.

### B. Equal Protection Clause

■ Plaintiff contends that he was terminated based on his national origin, religion, and age in violation of the Equal Protection Clause of the Fourteenth Amendment. In an action under both Title VII and § 1983, the substantive elements of proof are the same for both statutes. *Pearson v. Macon–Bibb County Hosp. Auth.,* 952 F.2d 1274, 1281 (11th Cir.1992) (citing *Palmer v. District Bd. of Trustees of St. Petersburg Junior College,* 748 F.2d 595, 596 n. 2 (11th Cir.1984)). The plaintiff must first establish his *prima facie* case. Once this is done, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse action. Next, the plaintiff is entitled to show that the reason given by the defendant is a pretext. *McDonnell Douglas,* 411 U.S. at 802–05, 93 S.Ct. at 1824–26.

As discussed above, the court concludes that plaintiff has failed to make out a *prima facie* case of intentional discrimination. Again, plaintiff has not shown that he was replaced by one outside the protected class. Accordingly, the court GRANTS defendants' summary judgment as to this claim.

### C. Retaliation

■ To succeed on his claim that defendants violated his First Amendment right

to freedom of speech, plaintiff must make out a *prima facie* case that his speech (1) was constitutionally protected and (2) was a "substantial or motivating factor" in the employer's adverse employment action. *Ferrara v. Mills,* 781 F.2d 1508, 1512 (11th Cir.1986). Once the employee establishes this initial showing, the burden then shifts to the employer to show that they would have taken the adverse employment action in the absence of his protected speech.

■ By testifying before the OFEP in the investigation of another charge of discrimination, plaintiff clearly engaged in protected activity. Defendants contend that plaintiff cannot show that the speech was a "substantial or motivating factor" in any of defendants' alleged retaliatory acts.

On January 11, 1990, defendants informed plaintiff that his contract would not be renewed. (Defendants' Exhibits 1 & 2). Approximately two months later, plaintiff was notified that the OFEP would be interviewing him. (Plaintiff's Exhibit 9; Plaintiff's deposition pp. 131–35). The court finds that plaintiff's speech was not a "substantial or motivating factor" in the decision not to renew his employment contract. Even if the speech was a "substantial or motivating factor," defendants' actions were justified in light of the declining enrollment in the personal finance course. Consequently, defendants' motion for summary judgment as to this claim is hereby GRANTED.

## IV. ADEA

### A. Age Discrimination

■ Plaintiff must also rely on the *McDonnell Douglas* analysis to establish his *prima facie* case of age discrimination. Under that analysis, plaintiff must show that he (1) was a member of a protected class between the ages of 40 and 70; (2) was qualified to do the job; (3) was subjected to adverse employment action; and (4) was replaced by one outside the protected class. *Mitchell v. Worldwide Underwriters Ins. Co.,* 967 F.2d 565, 566 (11th Cir.

1992) (citing *Verbraeken v. Westinghouse Elec. Corp.,* 881 F.2d 1041, 1045 (11th Cir. 1989), *cert. dismissed,* 493 U.S. 1064, 110 S.Ct. 884, 107 L.Ed.2d 1012 (1990)). Plaintiff clearly was a member of a protected class, was qualified to do the job, and was subjected to adverse employment action. Defendants contend that plaintiff cannot satisfy the fourth element because his position as a personal finance instructor was eliminated by the DTAE standards.

■ When a position is eliminated, plaintiff may establish a *prima facie* case (1) by showing that he was in a protected age group and was discharged; (2) by showing that he was qualified for another position at the time of discharge; and (3) by producing circumstantial or direct evidence by which a factfinder might reasonably conclude that the employer intended to discriminate on the basis of age in reaching the decision not to place him in that other position. *Id.* at 567–68 (citing *Verbraeken,* 881 F.2d at 1045–46).

The court finds that plaintiff has failed to establish that there were other positions available at the time his contract was nonrenewed. Although plaintiff alleges that he could have been a math or psychology instructor, these positions were not vacant. (Plaintiff's Deposition pp. 40, 42; Pruitt Deposition pp. 31–33). Furthermore, the full-time instructors who occupied these positions at the time plaintiff's contract was nonrenewed are also within the protected class.[1] Plaintiff has not presented sufficient evidence to establish his *prima facie* case of age discrimination. Consequently, the court GRANTS defendants' motion for summary judgment under the ADEA.

### B. Retaliation

■ To establish a *prima facie* case of retaliation in violation of the ADEA, the plaintiff must show that (1) he engaged in a protected activity; (2) he was subsequently subjected to adverse employment action; and (3) there was a causal link between the protected activity and the adverse action. *Simmons v. Camden County Bd. of Educ.,* 757 F.2d 1187, 1189 (11th Cir.1985),

---

**1.** The psychology instructor, Lou Jean Peace, was born on January 11, 1939, and the math

instructor, David Fields, was born on August 22, 1941. (Exhibits 6 & 7).

*cert. denied,* 474 U.S. 981, 106 S.Ct. 385, 88 L.Ed.2d 338 (1986). If the plaintiff satisfies his *prima facie* case, the defendants may overcome the resulting presumption of retaliation by merely articulating a legitimate, nondiscriminatory reason for their actions. *Id.* If the defendants meet this burden, the burden then shifts back to the plaintiff to establish pretext.

 Plaintiff contends that defendants retaliated against him in violation of the ADEA based on the same facts as set forth in his § 1983 claim. As the court has already found, plaintiff engaged in protected activity. The subsequent nonrenewal of his employment contract constitutes adverse employment action.

The third element, however, cannot be satisfied because there is no causal link between the protected activity and the adverse action. Defendants had already decided not to renew plaintiff's employment contract in January of 1990. (Defendants' Exhibits 1 & 2). Approximately two months later plaintiff was notified that the OFEP would be interviewing him. (Plaintiff's Exhibit 9; Plaintiff's deposition pp. 131–35). The court finds that plaintiff has failed to show a causal link between his interview with the OFEP and the nonrenewal of his contract, and therefore, a *prima facie* case of retaliation in violation of the ADEA. Consequently, defendants' motion for summary judgment as to this claim is hereby GRANTED.

### CONCLUSION

The court has decided that defendants' motion for summary judgment should be GRANTED as to all of plaintiff's claims.

SO ORDERED.