9 P.3d 1084

Cynthia S. NAJAR, a single woman, Plaintiff/Appellee,

v.

The STATE of Arizona, Defendant/Appellant.

No. 2 CA–CV 98–0229.

Court of Appeals of Arizona, Division 2, Department B.

March 31, 2000.

Review Denied Oct. 31, 2000. *

---

* Vice Chief Justice Jones voted to grant review.

Law Offices of A. Thomas Cole by Terry J. Fong, Casa Grande, Attorneys for Plaintiff/Appellee.

Janet Napolitano, Arizona Attorney General by Michael K. Goodwin and Melanie Verkamp Pate, Phoenix, Attorneys for Defendant/Appellant.

## OPINION

ESPINOSA, Chief Judge.

¶ 1 The state appeals from the trial court's judgment in favor of plaintiff/appellee Cynthia Najar, and its denial of a new trial, on her claim that the state unlawfully denied her a promotion in retaliation for her actions in filing a sexual harassment grievance against her former supervisor. Because Najar did not show, nor did the trial court find, any retaliatory motivation or intent in the decision not to promote her, we reverse the judgment but remand for further proceedings on other retaliation issues the trial court did not reach.

### Facts and Procedural History

¶ 2 The following undisputed facts were presented at the bench trial on this matter. In early 1993, Najar, a juvenile probation officer working for Cochise County Juvenile Court Services (JCS), filed a grievance with her department against her then supervisor Tim Small, alleging he had sexually harassed her on the job. The allegation was investigated and found to have merit. Small was reprimanded, and Najar was eventually assigned another supervisor. In December 1994, Najar applied for two supervisory positions that had opened in her department. She was aware at that time that Tim Small would directly supervise these positions. After the first round of interviews, Najar and two others were the top candidates. Deciding that someone who had not been involved in Najar's prior grievance against Small should make the final selections for the two positions, the JCS director, Myrtle Young, asked then Presiding Judge James Riley of the Cochise County Juvenile Court to do so. Young informed Riley that Najar had filed a sexual harassment grievance against Small, that her claims had been substantiated, and that he had been reprimanded and she had been assigned another supervisor, but otherwise provided no details about the episode.

¶ 3 During the interview, Judge Riley asked Najar, as he had asked Small, whether she would be able to work with Small given their prior association. Judge Riley testified that Najar responded she could not work for Small and that she "would have a problem working for him or under him." However, after "an awkward pause," she modified her response, stating that although "it would be difficult, [she thought she] could work for him." Judge Riley testified he believed Najar's first response had been more candid

and that she appeared to have softened her stance after deciding it would not "get [her] the promotion."

¶4 Judge Riley stated that had Najar candidly responded that she could work for Small, he probably would have offered her the job. He felt her stated inability to do so would cause significant problems in the department and that creating a "bifurcated chain of command," in which Najar would be supervised by someone other than Small, would have been inefficient, expensive, and confusing to those involved. Although Najar's testimony about how she had responded to Judge Riley's question differed from his, she conceded that she had initially expressed concern about working for Small but subsequently stated she could so long as he acted professionally.

¶5 After she was denied the promotion, Najar continued working for JCS until she quit in September 1995. Najar testified, consistently with her July 1995 resignation letter, that she had felt forced to do so because Young, whom she claimed favored Small, and others in her department had subjected her work to increased scrutiny and unfair criticism in retaliation for her actions in reporting Small. She also testified that Young had engaged in acts intended to thwart her promotion.

¶6 Najar brought a discrimination claim against the state[1] pursuant to Title VII of the Civil Rights Act of 1964, Pub.L. 88–352, 78 Stat. 241, codified in part as 42 U.S.C.A. § 2000–3, and the Arizona Civil Rights Act, § 41–1401 through 41–1493.02, claiming that its "supervisory personnel" had retaliated against her "by inappropriately reprimanding, disciplining and denying her a promotion because she reported and filed a complaint again[st] Tim Small's sexual harassment."[2] The court found in favor of Najar on her claim that the state had denied her a promotion in retaliation for her actions in filing a

grievance against Small, in violation of 42 U.S.C.A. § 2000e–3(a) and A.R.S. § 41–1464(A). It did not address Najar's claim that her superiors' actions in reprimanding and disciplining her had been retaliatory. The court awarded Najar $91,979 in damages plus costs and attorney's fees. It denied the state's motion for a new trial, and this appeal followed.

### Standard of Review

■■■ ¶7 A trial court's determination that an employer has discriminated against an employee is essentially an issue of fact, which we will uphold unless it is clearly erroneous, that is, unless we are "left 'with the definite and firm conviction that a mistake has been committed.'" *Reyes v. Hoffman,* 580 F.2d 393, 394 (10th Cir.1978), *quoting Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 123, 89 S.Ct. 1562, 1576, 23 L.Ed.2d 129 (1969). We will uphold its denial of a motion for a new trial absent a clear abuse of discretion. *State Farm Fire and Cas. Co. v. Brown,* 183 Ariz. 518, 905 P.2d 527 (App.1995). However, a new trial is proper if the judgment is not justified by the evidence or is contrary to law. *Id.*

### Discussion

■■■ ¶8 Under both Title VII, 42 U.S.C.A. § 2000e–3(a), and § 41–1464(A), it is unlawful for an employer to discriminate against an employee because he or she has opposed an unlawful employment practice or has "made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing" concerning such practice. Because Arizona case law on this cause of action is scarce, for guidance we look to the federal courts' interpretations of Title VII retaliation claims. *See Arizona Civil Rights Div. v. Olson,* 132 Ariz. 20, 643 P.2d 723 (App.1982). The ultimate issue in a Title VII retaliation case is "whether the

---

1. The Arizona Civil Rights Division, Department of Law, issued Najar a right to sue letter in December 1995, after she had filed a discrimination claim in March 1995 with that agency and with the Equal Employment Opportunity Commission.

2. She also raised claims of sexual harassment, breach of contract, negligence, wrongful discharge, and intentional infliction of emotional distress. On the last day of trial, Najar withdrew her sexual harassment claim and the trial court found she had failed to sustain her burden of proof on the others.

defendant [employer] discriminated against the plaintiff [employee] *because* the plaintiff engaged in conduct protected by Title VII." *Long v. Eastfield College,* 88 F.3d 300, 305 n. 4 (5th Cir.1996) (emphasis in original). The plaintiff must first establish a prima facie case of retaliation by showing that (1) he or she engaged in activity protected under the statute, (2) the employer imposed an adverse employment action, and (3) there was a causal connection between the two actions. *Scrivner v. Socorro Independent Sch. Dist.,* 169 F.3d 969 (5th Cir.1999). *See also Mac-Lean v. State of Arizona (Dep't of Education),* 195 Ariz. 235, 986 P.2d 903 (App. 1999) (identical standard for prima facie case of retaliation under the Americans with Disabilities Act). If the employee establishes a prima facie case, the burden shifts to the employer to articulate some legitimate non-retaliatory reason for the adverse action. *Wrighten v. Metropolitan Hosps., Inc.,* 726 F.2d 1346 (9th Cir.1984). If it does, the employee must show that the employer's proffered explanation was merely a pretext or that a discriminatory reason more likely motivated its actions. *Id.*

¶ 9 The trial court concluded, and Najar does not deny, that Judge Riley alone denied her the promotion.[3] The court found Riley's sole reason for so doing was his concern about Najar's responses as to whether she could work for Small. In finding for Najar, the court reasoned that:

> ... Najar did not get the promotion because, in Judge Riley's view, she should have anticipated the topic [about Small's prior harassment] and been prepared to accept Small as supervisor without a problem. She didn't fail to get the promotion because she refused to accept Small as supervisor; she failed to win promotion because she hesitated before agreeing to Small as supervisor.
>
> I find this to constitute discrimination on the basis of past victimization and reporting. Najar had done nothing blameworthy by being Small's victim or by reporting him. As stated in *Miller v. Servicemaster by Rees,* 174 Ariz. 518, [521,] 851 P.2d 143[,

146] (App.199[2] ), "Workers should be free to report alleged sexual harassment without fear of liability." That being the case, how could Najar be found lacking as a candidate for promotion for hesitating to agree to her past harasser as her boss? Her reaction was normal. Any promotion would have been on probationary status, so that if her performance were unsatisfactory, the promotion could be voided. The projection of possible disruption within the department by Small supervising Najar should not have been held against Najar, and it need not have been held against Small.

■ ¶ 10 The state contends that Najar failed to establish even a prima facie case of retaliation, arguing she failed to show that Riley's decision to deny her the promotion had been causally related to her actions in filing the grievance against Small nearly two years earlier. At least one federal court has held, however, that the plaintiff establishes the requisite " 'causal link' " between his or her protected activity and the employer's adverse action if the plaintiff shows the actions "were not wholly unrelated." *Simmons v. Camden County Bd. of Educ.,* 757 F.2d 1187, 1189 (11th Cir.1985). Riley's decision to deny Najar the promotion was undisputedly related to Small's prior harassment, which culminated in Najar filing the grievance. We therefore assume for purposes of this decision, without deciding whether to adopt the causal-link analysis announced in *Simmons,* that Najar established a prima facie case of retaliation. We nevertheless agree with the state that Najar failed to meet her ultimate burden of showing that Riley's decision to deny her the promotion was retaliatory, that is, that he denied her the promotion *because* she had filed the grievance. *Long.*

¶ 11 Judge Riley had been asked to independently decide whether to promote Najar because he had had no involvement in her prior complaint against Small, and he presumably harbored no retributive feelings against either party. In accord with Riley's neutrality, and the lack of any evidence in the record to the contrary, the trial court

**3.** We therefore find immaterial, and do not consider, Najar's claim that Director Young had

provided "pretextual reasons for [her] non-promotion" to the EEOC.

neither found nor suggested that Riley's decision to deny Najar the promotion had been motivated by retribution or animus. *See Long* (neutral party's decision to terminate employee based on own independent investigation would break connection between employee's prior actions in engaging in protected activity and supervisors' allegedly retaliatory recommendations that she be terminated); *see also Johnson v. Runyon*, 928 F.Supp. 575 (D.Md.1996) (decision maker's mere knowledge that employee has engaged in protected activity insufficient evidence of retaliation to counter substantial evidence of legitimate reasons for adverse personnel action against employee). Indeed, the court apparently accepted as true Riley's assertions that his decision had not been based on, or influenced by, concerns about either Najar's or Small's past actions but, rather, on concerns about future disruption in the department were they to resume working together. *See Ayon v. Sampson*, 547 F.2d 446 (9th Cir.1976) (whether applicant for management position can get along with co-workers is important qualification; hiring official may give substantial weight to this factor when making selection). Although the trial court disagreed with Riley on the significance of Najar's responses about whether she could work for Small, it neither found nor suggested that Riley's stated concerns about her ability to do so were insincere or pretexual. Nor did Najar meaningfully advance such a proposition either below or on appeal. *Cf. Krouse v. American Sterilizer Co.*, 126 F.3d 494 (3rd Cir.1997).

¶ 12 Accordingly, although there was a connection between Riley's decision not to promote Najar and her past harassment by Small, the record does not reflect, nor did the court find, that that decision was either based on or motivated by Najar's actions in reporting the harassment. Rather, it was based, as Najar admits, on a potential "supervision issue." We must conclude, therefore, that the court clearly erred as a matter of law when it found the denial of Najar's promotion retaliatory.[4]

### Disposition

 ¶ 13 We reverse the judgment in favor of Najar but remand for further proceedings on the retaliation issues Najar raised at trial but which the court did not address because of its ruling on the promotion issue. In view of this resolution, we need not address other arguments the state raises on appeal.

CONCURRING: J. WILLIAM BRAMMER, JR., Presiding Judge, and JOSEPH W. HOWARD, Judge.

---

4. We do not decide today whether an employee who has been denied the opportunity for professional advancement because of a co-worker's sexually harassing conduct toward him or her can recover damages for such action pursuant to a claim of sexual harassment in the first instance. Najar removed this issue from our consideration when she withdrew her claim of sexual harassment.