Chris **GERBERRY**, Plaintiff—Appellee,

v.

**MARICOPA COUNTY; David Hendershott, Defendants— Appellants,**

and

**Maricopa County Sheriff's Office; Joe Arpaio, Sheriff, Defendants.**

Chris **Gerberry**, Plaintiff—Appellant,

v.

**Maricopa County; David Hendershott; Maricopa County Sheriff's Office, Defendants—Appellees.**

Nos. 03–16998, 04–17226.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 16, 2006.

Decided March 28, 2006.

Martin A. Bihn, Donna M. Mcdaniel, Esq., Bihn & McDaniel, PLC, Phoenix, AZ, for Plaintiff–Appellee.

Daniel R. Malinski, Esq., Burch & Cracchiolo, Phoenix, AZ, for Defendants–Appellants.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Plaintiff Chris Gerberry appeals the district court's denial of his 42 U.S.C. § 1983 claim, and the defendants appeal the court's decision that Gerberry was wrongfully terminated under A.R.S. § 23–1501(3)(c)(ii). We affirm in part and reverse in part. Because the district court found that Gerberry would have been terminated for a non-retaliatory reason even in the absence of the protected conduct, Gerberry's claim must fail under either statute.

█ A § 1983 employment termination claim cannot succeed if the plaintiff-employee would have been terminated for a legitimate reason anyway. *See Gilbrook v. City of Westminster,* 177 F.3d 839, 853–55 (9th Cir.1999) ("[I]f both legitimate and illegitimate motives may have played a part in an adverse employment action, the ultimate inquiry is whether the employer 'would have reached the same decision as to [the plaintiff's] [ ] employment even in the absence of the protected conduct.'") (alteration in original) (quoting *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)). Gerberry argues that the defendants' proffered reasons for his termination were sufficiently related to the protected whistle-blowing conduct such that they, too, constituted protected conduct. We disagree. *Cf. O'Day v. McDonnell Douglas Helicopter*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Co.,* 79 F.3d 756, 762–63 (9th Cir.1996) (holding that an employee who removed sensitive confidential documents, which he insisted were taken to demonstrate an unlawful employment practice of the company, had not engaged in wholly protected conduct since his copying of the confidential materials interfered with his employer's confidentiality interests). The district court specifically found that Gerberry would have been terminated for violating confidentiality rules prescribed by company policy and Arizona law regardless of his whistle-blowing activities. We do not conclude that this factual finding is clearly erroneous and so we must affirm the district court's denial of the § 1983 claim.

As for the claim under A.R.S. § 23–1501, we conclude that the *Mt. Healthy* mixed-motive analysis should apply there, as well. Before A.R.S. § 23–1501 was enacted, Arizona courts applied that analysis to retaliatory termination claims brought on common law grounds of public policy. *See, e.g., Thompson v. Better-Bilt Aluminum Products Co., Inc.,* 187 Ariz. 121, 927 P.2d 781, 788–89 (1996); *see also Chaboya v. American National Red Cross,* 72 F.Supp.2d 1081, 1092–93 (D.Ariz. 1999); *Spratt v. Northern Automotive Corp.,* 958 F.Supp. 456, 462–64 (D.Ariz. 1996). A.R.S. § 23–1501 was enacted as part of the Arizona Employment Protection Act, which "was intended to narrow the availability of wrongful termination claims." *Galati v. America West Airlines, Inc.,* 205 Ariz. 290, 69 P.3d 1011, 1014 n. 4 (2003). This suggests that the *Mt. Healthy* rule was intended to continue to apply after the AEPA was enacted.

Further, Arizona courts appear to have an established practice of relying upon relevant federal law for guidance when interpreting employment retaliation claims brought under the Arizona Civil Rights Act. *See Najar v. State,* 198 Ariz. 345, 9 P.3d 1084, 1086 (2000); *see also Storey v. Chase Bankcard Services, Inc.,* 970 F.Supp. 722, 724 (D.Ariz.1997) ("[D]ecisions interpreting Title VII are regarded by Arizona's courts as persuasive authority in interpreting ACRA, unless any particular part of Title VII affords greater coverage."). This again suggests that Arizona courts would likewise rely upon federal case law when interpreting Arizona's newer retaliation statutes, such as A.R.S. § 23–1501.

Accordingly, we conclude that the district court's factual finding that Gerberry would have been terminated anyway requires entry of a judgment in favor of the defendants for the A.R.S. § 23–1501 claim, as well.

Each party to bear its own costs.

**AFFIRMED IN PART; REVERSED IN PART.**