**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 5 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL BURROUGHS,

Plaintiff-Appellant,

v.

CITY OF TUCSON,

Defendant-Appellee.

No.   18-16994

D.C. No. 4:16-cv-00724-BGM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Bruce G. Macdonald, Magistrate Judge, Presiding

Submitted March 3, 2020[**]
Phoenix, Arizona

Before: HAWKINS, OWENS, and BENNETT, Circuit Judges.

Michael Burroughs appeals the adverse summary judgment in favor of the

City of Tucson on his claims of disability discrimination in violation of Title I of the

Americans with Disabilities Act, 42 U.S.C. §§ 12111–12117 ("ADA"), and

retaliation for exercising his workers' compensation rights in violation of the

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Arizona Employment Protection Act, A.R.S. § 23-1501(A)(3)(c)(iii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The record fails to show Burroughs has a "disability" as defined by the ADA. *See* 42 U.S.C. § 12102(1). Burroughs was a full-time firefighter with his previous employer for three to four years. Before joining the Tucson Fire Department, he completed and passed a physical ability test, submitted a questionnaire stating he had no "injuries, illnesses or disabilities" that might prevent his completion of a subsequent fitness assessment, and upon completing said assessment, received clearance from a City physician that he was capable of performing the duties of a firefighter. He then submitted a new hire form in which he marked "No" next to the box asking whether he was disabled. When Burroughs hurt his back at the fire academy, a City physician evaluated his injury, diagnosed him with a "lumbar strain," and released him back to work without restriction. Another City physician reached the same conclusion two days later when Burroughs complained of difficulty sitting. And finally, after yet another medical evaluation deeming him fit for duty, Burroughs graduated from the fire academy and started working at his first station. Faced with these medical opinions based on physical examinations, Burroughs's only contrary evidence is his own conclusory self-assessment. Not quite a genuine factual dispute. *See FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed

facts and any supporting evidence, is insufficient to create a genuine issue of material fact."); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Nor does the record allow one to infer a retaliatory motive for Burroughs's termination. Even assuming close temporal proximity between his workers' compensation claim and subsequent termination,[1] Burroughs still "must make some showing sufficient for a reasonable trier of fact to infer that the [City] was aware that [he] had engaged in protected activity." *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003).[2] Not so here. Regardless of who ordered his termination, Burroughs can at most point to their awareness of the supervisor's injury report—which, we note, cleared Burroughs for regular duty. Yet that alone scarcely alerts one to Burroughs's efforts to exercise his workers' compensation rights. *See* A.R.S. § 23-1501(A)(3)(c)(iii); *cf., e.g.*, *Whitmire v. Wal-Mart Stores,*

---

[1] We are uncertain when Burroughs filed his workers' compensation claim. Indeed, aside from the supervisor's injury report, the pages of which bear headers "Wkr Comp Form 100-A" and "Wkr Comp Form 100-B," the record contains no evidence of Burroughs having filed such a claim.

[2] Arizona courts rely on federal case law when interpreting state employment retaliation claims. *See Najar v. State*, 9 P.3d 1084, 1086 (Ariz. Ct. App. 2000) (turning to federal courts' interpretation of Title VII retaliation claims to interpret an analogous Arizona statute).

*Inc.*, 359 F. Supp. 3d 761, 797–98 (D. Ariz. 2019) (imputing knowledge where employee filed accident report that set workers' compensation process in motion). The requisite knowledge is therefore lacking.

**AFFIRMED.**