**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MYRNA DE JESUS,

      Plaintiff-Appellant,

  v.

DIGNITY HEALTH CORPORATION,

      Defendant-Appellee.

No. 23-15189

D.C. No. 2:21-cv-00926-DWL

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted September 20, 2024**

Before: BENNETT, BADE, and COLLINS, Circuit Judges.

      Plaintiff Myrna De Jesus, proceeding pro se, appeals the district court's

summary judgment against her in her defamation lawsuit against Defendant

Dignity Health Corporation ("Dignity Health"). De Jesus performed work at St.

Joseph's Hospital and Medical Center ("St. Joseph's"), although her actual

employer was a third-party vendor, Optum360 Services, Inc. ("Optum"). De Jesus

was terminated by Optum after Dignity Health personnel told her Optum

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

supervisor about several instances of alleged misbehavior on her part. De Jesus sued, alleging defamation under Arizona law, and Dignity Health removed the case to federal court based on diversity. We have jurisdiction over De Jesus's timely appeal of the district court's summary judgment. *See* 28 U.S.C. § 1291. Reviewing de novo, *Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008), we affirm.

1. We agree with the district court's conclusion that, as a matter of law, Dignity Health is entitled to the "common interest" privilege, which shields it from liability for defamation. Under Arizona law, an otherwise defamatory statement will be found to be "conditionally privileged if the circumstances lead any one of several persons having a common interest in a particular subject matter correctly or reasonably to believe that there is information that another sharing the common interest is entitled to know." RESTATEMENT (SECOND) OF TORTS § 596 (AM. L. INST. 1977) ("RESTATEMENT"); *see Green Acres Tr. v. London*, 688 P.2d 617, 625 (Ariz. 1984) (following RESTATEMENT § 596). This privilege applies, for example, to communications between persons or entities "associated together in professional activities." RESTATEMENT § 596, cmt. d. The communications in this case plainly fall within this privilege. Dignity Health and Optum are associated together in the provision of patient care at St. Joseph's and share a common interest in De Jesus's job performance and professionalism, including her interactions with others

2

working at St. Joseph's. *See Miller v. Servicemaster by Rees*, 851 P.2d 143, 144–46 (Ariz. Ct. App. 1992) (finding that the common interest privilege protected against defamation liability for an allegation of sexual harassment made against an employee of a company by a janitor employed by a third-party vendor).

However, common interest, like other "qualified" privileges, cannot shield a defendant from liability if it is "abused." *Green Acres*, 688 P.2d at 624. De Jesus contends that Dignity Health abused the privilege by acting with actual malice. The district court correctly concluded that De Jesus had failed to present sufficient evidence to create a triable issue as to actual malice. Actual malice arises "when the defendant makes a statement knowing its falsity or actually entertaining doubts about its truth." *Id.* (citation omitted). There is no evidence from which a reasonable jury could conclude that the persons at Dignity Health who were responsible for contacting Optum and who relayed the disputed allegations concerning De Jesus's conduct knew that those allegations were false or actually entertained doubts about their truth.

De Jesus insists that the allegations against her were false, but her "mere denial" of the allegations does not suffice to permit a jury finding of actual malice. *See Sewell v. Brookbank*, 581 P.2d 267, 271 (Ariz. Ct. App. 1978). De Jesus also points to evidence that the Dignity Health personnel involved in this case treated her in what she considers to have been a mean-spirited and "spiteful" manner. But

3

under applicable Arizona law, "actual malice" refers to the knowing or reckless distribution of false information, not to personal civility. *See Green Acres*, 688 P.2d at 616. De Jesus also contends that Dignity Health changed its story about the events leading to her termination and that this supports an inference of knowledge of falsity. But the minor differences that De Jesus notes do not alter the gravamen of the alleged charge of misconduct against her, and they do not support an inference that Dignity Health acted with actual malice when it relayed the allegations to De Jesus's supervisor.

The common interest privilege may also be abused through "excessive publication . . . to an unprivileged recipient not reasonably necessary to protect the interest upon which the privilege is grounded." *Green Acres*, 688 P.2d at 616 (citation omitted). But De Jesus concedes in her opening brief that "Dignity Health only publicized its defamatory falsehoods to Hernandez," her Optum supervisor. Although De Jesus asserts that Optum then retransmitted those defamatory allegations to others (and that she herself did so), that cannot suffice to show excessive publication by Dignity Health.

2. De Jesus attempts to raise on appeal several additional claims, but they are not properly before us. The only claim fairly raised in De Jesus's complaint against Dignity Health, even generously construed, was for defamation. And in the parties' joint report under Federal Rule of Civil Procedure 26(f), which required

4

De Jesus to state "each" of her "claim[s]," she stated only that she was bringing "a claim for defamation/slander against Dignity Health Corporation." De Jesus insists that she developed additional claims in her briefing at summary judgment, but the district court at summary judgment was not obligated to consider new claims not raised in the complaint, and it therefore properly declined to do so. *Earth Island Inst. v. U.S. Forest Serv.*, 87 F.4th 1054, 1072–73 (9th Cir. 2023).[1]

**AFFIRMED.**

---

[1] De Jesus's motions for judicial notice (Dkt. Nos. 25, 26, 27), which seek to supplement the record with documents not presented to the district court, are denied.

5