Dolen E. LINDSEY, Plaintiff-Appellant,

v.

AMERICAN CAST IRON PIPE CO., Defendant-Appellee.

No. 84–7317.

United States Court of Appeals, Eleventh Circuit.

Sept. 30, 1985.

**800**

Michael Quinn, Wiggins & Quinn, Robert L. Wiggins, Jr., Birmingham, Ala., for plaintiff-appellant.

Thomas Taliaferro Forman Burr & Murray, J. Fredric Ingram, Michael L. Lucas, F.A. Flowers, III, Birmingham, Ala., for defendant-appellee.

Before VANCE and JOHNSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

VANCE, Circuit Judge:

Dolen Lindsey appeals from the district court's judgment for defendant notwithstanding the verdict in Lindsey's age discrimination suit. Because there was sufficient evidence to support the jury's verdict, we reverse and remand for appropriate entry of judgment.

Lindsey filed this suit against his employer, American Cast Iron Pipe Company (ACIPCO), alleging that it had violated the Age Discrimination in Employment Act (Act), 29 U.S.C. §§ 621–34, by failing to promote him to assistant manager in its

data processing department because of his age. The case was tried to a jury which returned a verdict in Lindsey's favor. The district court granted ACIPCO's motion for judgment notwithstanding the verdict because it found that "there is no substantial evidence to refute the defendant's articulated reason or reasons for the non-selection of Mr. Lindsey."

In order to recover under the Act, Lindsey only had to show that age was a determinative factor in his not getting the assistant manager's job. *See, e.g., Anderson v. Savage Laboratories, Inc.,* 675 F.2d 1221, 1224 (11th Cir.1982). When reviewing the grant of a motion for judgment notwithstanding the verdict, we must view the evidence in the light most favorable to the appellant. *See Boeing Co. v. Shipman,* 411 F.2d 365, 374–75 (5th Cir.1969) (en banc). Lindsey presented evidence from which the jury could have found that the following occurred.

The data processing department is one of seven departments which comprise ACIPCO's finance division. At all times relevant to this litigation, John Foshee, who was Vice President of Finance and Treasurer of ACIPCO, was in charge of ACIPCO's finance division. During that same time period, Joe Doughty, his chief assistant, was specifically charged with the responsibility of overseeing the data processing department, and Mitchell Thomas, the manager of the department, was responsible for running its daily activities.

Lindsey started working for ACIPCO in 1954. He was a member of the data processing department at its formal inception in 1964, and by 1979 he had worked his way up from clerk to level IV programmer, the highest programming classification attainable in the department. In September 1979 Lindsey, who was then fifty-one, heard that the assistant manager's job in the department might be coming open. Believing himself to be next in line for the position, Lindsey met with Mitchell Thomas on either September 26, 27 or 28 to discuss the possible vacancy. When Lindsey asked about his chances of getting the job Thom-

as responded that the people "upstairs", meaning Foshee and Doughty, were unhappy with Lindsey. Lindsey immediately requested a meeting with Foshee. On October 1, 1979 Lindsey met with Thomas, Doughty and Foshee. After some preliminary discussion Lindsey asked Foshee about Thomas' statement that Foshee and Doughty were unhappy with him. Foshee told him that the statement was not accurate, and that they thought he had done a good job and some fine programming work. Doughty concurred in this assessment. Lindsey then asked Foshee about his chances of getting the assistant manager's job when the position came open. Foshee responded that when the position opened up, the company would be looking for a person younger than Lindsey to fill it. Neither Thomas nor Doughty disputed Foshee's statement, and the meeting ended shortly thereafter. When the assistant manager's position opened up in the spring of 1981, the company offered the job to Grant Bailey, a thirty-four year old level III programmer.

Not surprisingly, ACIPCO vigorously contested Lindsey's version of the events. It presented evidence indicating that Foshee had never said that the company would be looking for a person younger than Lindsey to fill the position, as well as evidence showing that there were legitimate, non-discriminatory reasons for promoting Bailey over Lindsey. In reviewing a jury's verdict, however, a court is not entitled to weigh the evidence anew. Rather, the issue is whether Lindsey's testimony about the content of his meeting with Foshee, Doughty and Thomas, coupled with the company's eventual decision to fill the position with an employee eighteen years Lindsey's junior, constituted evidence substantial enough to support the jury's verdict. In our view, it clearly did.

The district court's contrary decision stems largely from a misapplication of the legal standards articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). This court has repeatedly held that in cases in

which there is direct evidence that discrimination was a significant factor in an employment decision, the allocation of proof prescribed by *McDonnell Douglas* does not apply. *See Simmons v. Camden County Bd. of Educ.*, 757 F.2d 1187, 1189 (11th Cir.1985); *Bell v. Birmingham Linen Serv.*, 715 F.2d 1552, 1557 (11th Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 2385, 81 L.Ed.2d 344 (1984); *Lee v. Russell County Bd. of Educ.*, 684 F.2d 769, 774 (11th Cir.1982). Lindsey's testimony that Foshee told him the company wanted a younger person to fill the position, if believed, constitutes sufficient direct evidence to remove this case from the ambit of *McDonnell Douglas. See Bell v. Birmingham Linen Serv.*, 715 F.2d at 1557. The district court nevertheless apparently believed that the *McDonnell Douglas* analysis applied. This is evidenced first by its refusal to give an instruction that the jury need not follow *McDonnell Douglas* if it credited Lindsey's testimony that Foshee had told him the company would be looking for a younger person, and second by its finding that Lindsey had failed to produce substantial evidence to refute the defendant's articulated reasons for non-selection. The court's reliance on a *McDonnell Douglas* analysis to override the jury's verdict was error.[1]

This case came down to a credibility contest. Testimony presented by each side directly contradicted that of the other. Given the entire picture that was presented to it, the jury acted entirely within its prerogative in crediting Lindsey's version of the events and rejecting the account offered by the defendant. In many instances the defense witnesses' accounts were inconsistent, and on occasion they directly contradicted one another. Lindsey's ver-

sion, on the other hand, was supported by corroborating evidence. It would be inappropriate for either the district court or this court to disturb the jury's verdict.

We therefore reverse and remand for appropriate entry of judgment on the basis of the jury verdict.

REVERSED and REMANDED with Instructions.

---

1. Even under *McDonell Douglas* it would have been error to grant ACIPCO's motion because there was sufficient evidence in the record for the jury to find that Lindsey had refuted ACIP-CO's articulated reasons for selecting Bailey over him. In order to refute successfully the defendant's articulated reasons for non-selection, a plaintiff may rely solely on his initial evidence combined with evidence elicited from the defendant on cross-examination. *See Texas*

*Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 255 n. 10, 101 S.Ct. 1089, 1095 n. 10, 67 L.Ed.2d 207 (1981). Our review of the record reveals that the evidence submitted by Lindsey on direct and redirect coupled with the evidence he elicited during cross-examination of ACIP-CO's witnesses was sufficient evidence for the jury to find that he had successfully refuted ACIPCO's articulated reasons for his non-selection.