**Shirley Ann REYNOLDS,
Plaintiff-Appellee,**

v.

**CLP CORPORATION, a corporation,
Defendant-Appellant.**

No. 86–7098.

United States Court of Appeals,
Eleventh Circuit.

March 16, 1987.

---

Lee H. Zell, Berkowitz, Lefkovits, Isom & Kushner, Birmingham, Ala., for defendant-appellant.

Holly L. Wiseman, Markstein, Morris & Liles, John C. Falkenberry, Falkenberry, Whatley & Heidt, Birmingham, Ala., for plaintiff-appellee.

Before FAY and JOHNSON, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

This appeal challenges the denial of a motion for judgment notwithstanding the verdict in an age discrimination suit. Shirley Ann Reynolds, (hereinafter Reynolds), was demoted and fired at the age of forty-eight after fifteen years of service. She brought an action in the District Court for the Northern District of Alabama against her former employer, the CLP Corporation, (hereinafter CLP), seeking damages for alleged violations of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq* (1982). The jury awarded Reynolds compensatory and liquidated damages. For the reasons that follow, we affirm.

## I.

### BACKGROUND

At all times material to this action CLP was a licensee of the McDonald's Corporation and operated McDonald's restaurants in northern Alabama. In September of 1967, CLP hired Reynolds, then aged thirty-three, to serve as a crew member in a McDonald's restaurant located in Roebuck, Alabama. At the time, Reynolds received the minimum wage of one dollar per hour.

After several years of service, Reynolds was promoted to the positions of second assistant manager, first assistant manager, and ultimately, store manager—a position which she held for five years. The restaurant which Reynolds managed attained favorable evaluations and remained profita-

ble at all times. Reynolds was perceived by her superiors as a dedicated employee who exhibited great personal commitment. Reynolds was rewarded for her commendable service by raises in 1980, 1981, and 1982. In 1983, at the age of forty-eight, Reynolds was the oldest store manager employed by CLP and earned $26,145.00—the highest salary paid to employees occupying the same position.

In July of 1983, CLP experienced a change in ownership and management. The top management officials were eager to increase the level of store operations so that CLP would qualify for franchise expansion. Reynolds was placed on "probation" and given a list of goals to be accomplished by September 1, 1983. One of these goals was to hire and train ten "new exciting people." Reynolds alleged that she was specifically instructed to recruit "young Miss-America type ... exciting people."

Allegedly dissatisfied with her level of progress, CLP offered Reynolds the choice of accepting a demotion to first assistant manager or tendering her resignation. Reynolds accepted the position as first assistant manager and reluctantly assented to a $10,000.00 reduction in salary. Reynolds' successor as manager of the Roebuck facility was a twenty-eight year-old gentleman who earned less in salary.

Simultaneous with the demotion, CLP officials transferred Reynolds to CLP's highest volume restaurant in Hoover, Alabama. Reynolds' assignment placed her under the supervision of Doris Hicks. Reynolds asserted that Hicks had previously disclosed during a management meeting that Hicks had ways of getting rid of CLP's unwanted employees. CLP records indicate that the Hoover franchise was suffering from 470% turnover and was substantially understaffed.

Prior to the demotion and transfer, Reynolds never received any written reprimands for poor performance. Shortly after being reassigned to the Hoover restaurant, Reyn-

olds accumulated four corrective action notices purportedly documenting instances of unsatisfactory achievement. Reynolds' request to be transferred from under the supervision of Doris Hicks was denied. On January 3, 1984, Reynolds was fired for marginal performance. She was replaced by a young woman in her twenties.

On May 15, 1984, Reynolds filed suit against CLP seeking, *inter alia,* damages for alleged violations of the Age Discrimination in Employment Act. Reynolds contended that CLP engaged in "a systematic campaign of harassment and humiliation in an effort to force [Reynolds] to resign." CLP denied any discriminatory action and alleged that Reynolds was discharged for unsatisfactory job performance.

A jury trial commenced on August 7, 1985. The uncontested facts established that Reynolds was a member of the class of persons protected by the Age Discrimination in Employment Act,[1] that adverse employment action was taken against her, and that she was replaced by a person outside the protected class. The facts in question involved the reasons why adverse employment action was taken against Reynolds. CLP argued that Reynolds was not qualified for continued employment because of recent deterioration in job performance. Reynolds countered by alleging that she had demonstrated her competency in managing restaurants and by contending that CLP fabricated the basis on which they could legitimately fire her as a pretext for unlawful age discrimination. Reynolds asserted that as a result of the demotion and transfer, she suffered a loss of $34,571.75 in salary and benefits.

On August 9, 1985, the jury returned a verdict in favor of Reynolds for $34,550.00 compensatory and $34,550.00 liquidated damages. The district court entered judgment on the verdict on August 12, 1985. CLP subsequently filed a motion for judgment notwithstanding the verdict. On November 1, 1985, the district court entered an order reinstating Reynolds to the posi-

---

**1.** The Age Discrimination in Employment Act applies to people between the ages of forty and seventy. *See* 29 U.S.C. § 631.

tion she held prior to her demotion. The district court also awarded Reynolds additional backpay for the period between trial and reinstatement. On January 14, 1986, the district court denied CLP's motion for judgment notwithstanding the verdict. CLP filed a notice of appeal on February 10, 1986.

## II.

### ANALYSIS

This court, in *Michigan Abrasive Co. v. Poole,* 805 F.2d 1001 (11th Cir.1986), recently reiterated the standard regulating motions for judgment notwithstanding the verdict. District courts and reviewing courts should:

> consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied.... A mere scintilla of evidence is insufficient to present a question for the jury. The motions for directed verdict and judgment n.o.v. should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury question.

*Michigan Abrasive Co.,* 805 F.2d at 1004; *Neff v. Kehoe,* 708 F.2d 639, 641–42 (11th Cir.1983) (quoting *Boeing Co. v. Shipman,* 411 F.2d 365, 374–75 (5th Cir.1969)).

### A. *Compensatory Damages*

■ CLP argues that there was insufficient evidence from which the jury could reasonably have inferred that age was a motivating factor in Reynolds' demotion and discharge. We disagree. In the absence of direct evidence, a party must use circumstantial evidence to show unlawful discrimination in employment decisions. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Lindsey v. American Cast Iron Pipe Co.,* 772 F.2d 799, 801–02 (11th Cir.1985); *see also, Bell v. Birmingham Linen Service,* 715 F.2d 1552, 1553 (11th Cir.1983). In order to establish a prima facie case of age discrimination through circumstantial evidence, an employee must prove "(1) his membership in a protected class; (2) his discharge; (3) his qualifications for the job; and (4) his replacement by a person outside the protected class." *Archambault v. United Computing Systems, Inc.,* 786 F.2d 1507, 1512 (11th Cir.1986); *see Goldstein v. Manhattan Industries, Inc.,* 758 F.2d 1435, 1442 (11th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985). Once this showing has been made, "[t]he burden then shifts to the employer to produce evidence that the employee was discharged for a legitimate, nondiscriminatory reason." *Archambault,* 786 F.2d at 1512; *see Goldstein,* 758 F.2d at 1444. As this court has acknowledged, "[t]his production requirement is satisfied when the employer's evidence 'raises a genuine issue of fact as to whether it discriminated against the plaintiff.'" *Archambault,* 786 F.2d at 1512 (quoting *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 254–55, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). Once this production is accomplished, "the plaintiff then carries the burden of persuasion that the reasons offered for his discharge were merely a pretext for age discrimination." *Archambault,* 786 F.2d at 1512; *see Goldstein,* 758 F.2d at 1445.

■ In this case, the conflicting testimony of Reynolds and CLP officials raised a genuine issue of material fact as to why Reynolds was demoted and discharged. The jury found that the explanation offered by CLP was unworthy of credence. Assessing the credibility of witnesses is a

task generally reserved for the finder of fact. *Michigan Abrasive Co.,* 805 F.2d at 1007. Appellate courts are not free to reweigh the evidence and substitute their judgment for that of the jury. *Michigan Abrasive Co.,* 805 F.2d at 1005; *See Lindsey,* 772 F.2d at 801; *Hockett v. United States,* 730 F.2d 709, 714 (11th Cir.1984). After reviewing the record in the light most favorable to Reynolds, we conclude that there is substantial evidence of such quality and weight that fair-minded jurors, exercising impartial judgment could reasonably have concluded that CLP's articulated nondiscriminatory reason for firing Reynolds was merely a pretext for age discrimination. Accordingly, the district court's denial of CLP's motion for judgment withstanding the verdict with respect to compensatory damages is affirmed.

### B. *Liquidated Damages*

█ CLP also contends that there was insufficient evidence from which the jury could have inferred that CLP showed a reckless disregard for the provisions of the Age Discrimination in Employment Act justifying the award of liquidated damages. We disagree. A district court may award double liability in the form of liquidated damages when a "willful" violation of the Act is shown. *See Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 125, 105 S.Ct. 613, 623–24, 83 L.Ed.2d 523 (1985); 29 U.S.C. § 626(b). *See also, Archambault,* 786 F.2d at 1513. The United States Supreme Court has ruled that a violation of the Age Discrimination in Employment Act is "willful" if "the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [Act]." *Trans World Airlines,* 469 U.S. at 128, 105 S.Ct. at 625. The jury charge was consistent with this definition. After reviewing the record in the light most favorable to Reynolds, we conclude that there was substantial evidence of such quality and weight that fair-minded jurors, exercising impartial judgment, could reasonably have concluded that CLP engaged in a pretextual scheme to demote and discharge Reynolds, and that CLP either knew that this scheme was unlawful, or

showed reckless disregard for whether this subterfuge was prohibited by the Age Discrimination in Employment Act. Accordingly, the district court's denial of CLP's motion for judgment notwithstanding the verdict with respect to the award of liquidated damages is also affirmed.

AFFIRMED.