**Tommy TRENT, Jr., Plaintiff,**

v.

**AT & T TECHNOLOGIES, INC., Defendant.**

**No. 1:87–CV–1313–RHH.**

United States District Court, N.D. Georgia, Atlanta Division.

Sept. 13, 1988.

Fredrick C. McLam, Decatur, Ga., for plaintiff.

John F. Wymer, II, C. Geoffrey Weirich, Paul, Hastings, Janofsky & Walker, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiff brings this employment discrimination claim pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, claiming that defendant has discriminated against him in his employment because of his age. This case is now before the court on defendant AT & T Technologies' ("AT & T") motion for summary judgment.

Plaintiff ("Mr. Trent") was born on May 21, 1929 and has worked with AT & T since October of 1960. Deposition of Tommy Trent at pg. 4 & 9. He is presently employed as a Senior Wage Practice Specialist at the Atlanta Works of AT & T. *Id.* at 30. AT & T, formerly known as Western Electric, is a manufacturer of communications equipment with facilities located throughout the United States. The Atlanta Works of AT & T is a manufacturing and development facility in Atlanta, Georgia which is engaged in the manufacture of high-tech-nology communications cable. Affidavit of Thomas J. Ford, ¶ 2.

In August of 1985, plaintiff was denied a promotion to the supervisory position of Department Chief at the Atlanta Works and now claims that he was discriminated against in that decision on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA"). Defendant AT & T denies that it has discriminated in any way against plaintiff because of his age.

## FACTS

The following facts are undisputed:

AT & T hired plaintiff on October 31, 1960 as a wage practice associate in its Kansas City, Missouri facility. In 1962 Mr. Trent was promoted to Wage Practice Specialist, and in 1968 AT & T transferred Mr. Trent to a facility in Shreveport, Louisiana and promoted him to Senior Wage Practice Specialist. In 1970, AT & T again transferred plaintiff, this time to the Atlanta Works, and promoted him to the supervisory position of Department Chief, with responsibility for the wage practices function. Mr. Trent remained Department Chief for the next ten years with responsibility for the wage practice function and several other functional areas. Mr. Trent's performance appraisals in supervising these areas consistently fell in the "Good" category.[1]

In 1980, Mr. Trent was laterally transferred to a department chief position in the manufacturing area. He was assigned responsibility for production control, Quality Audit, and Services for the Light Guide Manufacturing group of the Cable, Cord and Wire Unit. His performance in this area was rated "Good–2" by his supervisor.[2] In January of 1981, Mr. Trent was transferred to a different department chief position this one in charge of Environmental Health and Safety Engineering ("EH & SE").

---

**1.** Between 1970 and 1979 the performance appraisal scale for AT & T's managerial employees had three ratings—Outstanding, Good and Unsatisfactory.

**2.** In 1979 AT & T changed their appraisal system and provided for four categories of performance—Outstanding, Very Good, Good, and Unsatisfactory. Within the "Good" category there were five "performance bands" starting with "Good–1" (the best) through "Good–5" (the worst).

As Department Chief of EH & SE Mr. Trent reported to Dr. Philip Morgan, the Atlanta Works medical director. In 1981 and 1982 Mr. Trent was given a performance rating of "Good–3" in his supervisory position.

In the fall of 1982, the Atlanta Works underwent a force reduction caused primarily by the court ordered divestiture of AT & T's operating companies. In this force reduction, approximately 20 employees at AT & T were adversely impacted, and management at the Atlanta Works decided to decrease the number of department chiefs in Atlanta by two. Pursuant to the reorganization plan management designated Tommy Trent and Roger Butler as "surplus", eliminated their jobs, and assigned their responsibilities to other incumbent department chiefs. Mr. Trent was downgraded to Senior Wage Practices Specialist, a position he had previously held, but he continued to receive his department chief salary—an amount defendant alleges was above the maximum permitted for the new position.[3]

After Mr. Trent's downgrade, the responsibilities for Environmental Health and Safety were initially divided between two department chiefs—R. Brown and E.D. Lassahn. However, in September of 1984, after another reorganization, those responsibilities were again combined in one job and assigned to Department Chief David Cassidy.

On August 15, 1985 Cassidy was laterally transferred to another department chief position and the position of Department Chief of EH & SE, which Mr. Trent alleges was his old job, was then given to Senior Engineer Ron Huggins.

At the time Mr. Huggins was given this new position he was 34 years old and had been at AT & T just under 5 years. When Mr. Trent was overlooked for the position he was 56 years old and had been at AT & T for 25 years. Mr. Huggins has a BA in Biology, a Masters degree in Biology, and a PhD in Environmental Toxicology. He has worked as a pathologist's assistant, a biology instructor, and as an environmental consultant in industrial hygiene. Mr. Trent has a Bachelors degree in Business administration, 25 years experience at AT & T in several different departments, and 12 years experience in supervisory positions.

Summary Judgment

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Mr. Trent alleges that AT & T failed to promote him to the position of Department Chief because he was too old.

The Eleventh Circuit has employed a three step burden shifting analysis in age discrimination cases, analogous to the method used in Title VII cases. *Rollins v. Techsouth, Inc.,* 833 F.2d 1525, 1528 (11th Cir.1987); citing, *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The initial burden rests on the plaintiff to prove a prima facie case of discrimination. If a prima facie case is successfully proven, it raises a presumption that plaintiff was discriminated against. The burden then shifts to the defendant to rebut the presumption by showing a legitimate non-discriminatory reason for the employment decision. Once this production is satisfactorily accomplished the plaintiff then carries the burden of producing evidence to show that the employers proffered non-discriminatory reason is merely a pretext for age discrimination. *Rollins,* 833 F.2d at 1529.

■ To prove a prima facie case for failure to promote because of age discrimination plaintiff must show 1) that he is a member of the protected class 2) that he was not given the promotion 3) that he was qualified for the position which he did not receive and 4) that the person who was given the position is outside the protected class. *Archambault v. United Computing Systems,* 786 F.2d 1507, 1512 (11th Cir.1986). Defendant concedes that plain-

---

**3.** Plaintiff contends that his salary was within the maximum guidelines.

tiff in this action has proven his prima facie case of discrimination.

Defendant, however, has offered a legitimate non-discriminatory reason for the failure to promote Mr. Trent. Defendant claims that Mr. Huggins was the more qualified applicant for the position of department chief for reasons that have nothing to do with age. AT & T supports this proposition by submitting that Mr. Huggins has had more formal education than Mr. Trent, that he holds a patent which is important in the field, and that the company has shifted the emphasis of the department of EH & SE to focus on the area in which Mr. Huggins has expertise. AT & T further asserts that Mr. Trent had poor performance appraisals when he was a supervisor and that Dr. Morgan, who selected Ron Huggins for the job as department chief, had a low opinion of Mr. Trent's supervisory skills and a high opinion of Mr. Huggins' abilities. The burden of producing a non-discriminatory reason for an employment decision is a light one, and defendant has clearly carried that burden. *Lee v. Russell County Board of Education,* 684 F.2d 769, 773 (11th Cir.1982).

■ The burden now shifts back to plaintiff to show that defendant's articulated reason is merely pretextual and that age discrimination played a determinative role in the employment decision. *Young v. General Foods Corp.,* 840 F.2d 825 (11th Cir.1988). Defendant moves for summary judgment on the ground that plaintiff has not shown that there exists a genuine issue of a material fact regarding why Mr. Trent was not given the promotion. This court finds, however, that plaintiff has raised enough evidence to permit a jury reasonably to infer that defendant's decision was improperly motivated by age bias.

This court recognizes that, "[i]n general, summary judgment is an inappropriate tool for solving claims of employment discrimination which involve nebulous questions of motivation and intent." *Grigsby v. Reynolds Metals Co.,* 821 F.2d 590, 595 (11th Cir.1987); citing, *Thornbrough v. Columbus and Greenville R.R.,* 760 F.2d 633, 640 (5th Cir.1985). However, the court also recognizes that even at the summary judgment stage the plaintiff bears the burden of coming forward with sufficiently probative evidence on every element that he or she will bear the burden of proof on at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In cases brought under the ADEA, the plaintiff bears the ultimate burden of proving that age was a determinative factor in the employment decision. *Rollins,* 833 F.2d at 1528.

There are two ways that a plaintiff may establish pretext. Plaintiff may raise an inference of discrimination by presenting direct evidence of bias on the part of the decision maker—that plaintiff would have been hired but for discrimination—or by presenting evidence to suggest that defendants explanation is not worthy of credence. *Rollins,* 833 F.2d at 1529; *Reynolds v. CLP Corp.,* 812 F.2d 671 (11th Cir.1987). Plaintiff has raised an issue of fact regarding whether defendant's explanation is pretextual. There are genuine issues of fact regarding the motivation behind AT & T's decision to give the promotion to Mr. Huggins and overlook the older Mr. Trent.

In a motion for summary judgment, the court must view all the evidence presented in the light most favorable to the non-moving party. *Mauter v. Hardy Corp.,* 825 F.2d 1554, 1556 (11th Cir.1987). Mr. Trent confronts AT & T's assertion that Mr. Huggins is more qualified in his statement of material facts ¶ 1 "Mr. Trent was more qualified for the position of Department Chief of Environmental Health and Safety Engineering Department than Mr. Huggins." In support, plaintiff cites his 25 years experience at AT & T, 12 years of supervisory experience including 2 years as Department Chief of the EH & SE Department, good performance ratings throughout his supervisory tenure, and only positive comments from his supervisor Dr. Morgan about his work in the EH & SE department. Mr. Huggins on the other hand had been at AT & T less than 5 years and had never held a supervisory position.

Mr. Trent also claims that he was denied priority consideration for new job openings

under company policy for "surplus" employees. AT & T has a policy concerning employees who have been removed from their jobs for reasons unrelated to their job performance—such as a force reduction. These employees are given priority consideration for any new openings in the company which they are qualified to hold. Ford Depo., pg. 25–26, 31–32; Trent Depo., vol. I, pg. 35–40. AT & T claims, however, that an employee retains "surplus" status only while he or she is out of a job due to a force reduction, and that once the individual is placed in a position with the company he or she is no longer "surplus". Ford Aff., ¶ 25. Plaintiff asserts that an employee remains on surplus status and entitled to priority consideration until he is returned to a position at his former level of employment. Trent Depo., vol. I, pg. 35–40. Plaintiff was not given priority consideration for jobs on his previous level of employment after he was downgraded for reasons unrelated to his job performance. Unfortunately, guidelines for determining "surplus status" have not been reduced to writing. Viewing the facts most favorably for the plaintiff, AT & T failed to follow company policy for downgraded employees. AT & T's failure to afford plaintiff "surplus" consideration raises the possibility of a jury inference that their explanation for hiring Mr. Huggins is pretextual.

In addition plaintiff has presented evidence of direct age bias by individuals on the supervisory level at AT & T. In 1972 Mr. Trent's supervisor Mr. Eubanks told Trent that he was too old to get into AT & T's "charm school". Trent Depo. vol II, pg. 23–26. In 1977 Mr. Trent's former supervisor Mr. Stephenson told Trent that he was too old to progress further with defendant. Trent Depo. vol. II, pg. 23–26. In 1977 Mr. Trent's supervisor Mr. Zboran responded with a shoulder shrug when plaintiff asked if he had not been selected for promotion because of his age. Trent Depo. vol. II, pg. 23–26. Defendant argues that these incidents are not probative of age discrimination because those supervisors were not involved in the employment

decision at issue in this case and cites *Mauter v. Hardy Corp.*, 825 F.2d at 1558 to support his argument. In *Mauter*, however, the individual who had made the derogatory comment not only denied ever making it, but also asserted in an uncontroverted affidavit that he had no basis in fact for an assertion that age was a factor in plaintiff's discharge. It has not been argued by defendant that the individuals who made these comments to Mr. Trent were not privy to unwritten policies at AT & T. Though these incidents are not directly related to the employment decision in this case, this court views them as sufficient to allow a jury reasonably to infer that there was a policy at AT & T of discriminating on the basis of age. A policy which a jury could find that Mr. Trent, in turn, fell victim to.

Therefore, this court finds that plaintiff has successfully carried his burden of raising a jury question on whether defendant's asserted reasons for not promoting Mr. Trent were pretextual. There exists a genuine issue of material fact which must be reserved for a trier of fact under the standards for the award of summary judgment. Fed.R.Civ.P. 56(c). Defendant's motion for summary judgment is, therefore, DENIED.