**George N.S. DAVIES, Plaintiff,**

**v.**

**BROWNING–FERRIS INDUSTRIES OF FLORIDA, INC., a Delaware Corporation, Defendant.**

**No. 91–1590–Civ–T–17B.**

United States District Court, M.D. Florida, Tampa Division.

March 4, 1993.

---

Roger C. Benson, St. Petersburg, FL, for plaintiff.

Frances H. Toomey, Foley & Lardner, Tampa, FL, Guy O. Farmer, II, Foley & Lardner, Jacksonville, FL, Terri L. Gillis, Law Office of Terri L. Gillis, Tampa, FL, for defendant.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This case is before the Court upon the motion for summary judgment filed by Defendant, Browning–Ferris Industries of Florida, Inc., a Delaware Corporation ("BFI"), for Summary Judgment (Docket No. 16), filed on August 7, 1992 ("Def. Motion"). Plaintiff, George N.S. Davies ("Davies"), filed a Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment on September 15, 1992 (Docket No. 19).

Plaintiff, a former employee of BFI, alleges that BFI demoted him from Maintenance Manager to Mechanic because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA"). Defendant contends that Davies' reassignment was based solely on his failure to properly perform the duties of the Manager position. Defendant has moved for summary judgment, on the grounds that the record[1] shows that there is no genuine issue as to any material fact and that, as a matter of law, Defendant is entitled to the entry of judgment in its favor. After thoroughly reviewing the Defendant's motion for summary judgment, and Plaintiff's memorandum in opposition, along with the relevant portions of the record and the applicable case law, the Court concludes that the motion for summary judgment should be DENIED.

## I. BACKGROUND

Defendant, BFI, is in the business of collecting and disposing of solid waste for their residential and commercial customers in the Tampa Bay, Florida, area. Plaintiff, Davies, was initially employed by BFI in its St. Petersburg operation as a mechanic on December 13, 1986, when BFI acquired the

1. In addition to the pleadings, the record contains Plaintiff's Deposition of February 28, 1992, the July 29, 1992 Affidavit of Charles Law, the July 24, 1992 Affidavit of Frank Graham, BFI's First Request for Admissions served March 24, 1992, Plaintiff's Response to the Court's Standard Interrogatories served April 29, 1992, and Plaintiff's Response to BFI's First Interrogatories, which are attached as Exhibits I, II, III, IV, V, and VI, respectively, to the Defendant's Motion for Summary Judgment.

assets of the Davies' previous employer.[2] On February 27, 1989, BFI promoted Davies to the position of Maintenance Manager. Davies was then 58 years old. Initially, Davies worked under the supervision of John Mitchell.

Davies' duties as Maintenance Manager at BFI included, but were not limited to, controlling and supervising the day-to-day activities of the shop's mechanics. Additionally, Davies was responsible for maintaining the cost of maintenance and labor within budget, maintaining a necessary inventory of parts, and coordinating the maintenance of the trucks with the Operations Manager.

In October, 1989, John Mitchell was replaced by Charles Laws ("Laws") who became the new District Manager. As District Manager, Laws was responsible for all aspects of the St. Petersburg operation. This responsibility included insuring that all department managers, including Davies, performed their jobs satisfactorily. It is BFI's position that shortly after becoming District Manager, Laws became dissatisfied with Davies' performance as Maintenance Manager. In August, 1990, Laws met with Davies and informed him that he was replacing him with another BFI employee. Davies contends that at this meeting Laws told him that he "wanted a younger man in the position." Davies was replaced by another BFI employee who was 40 years old.

The reassignment coincided with Davies' previously arranged and unrelated leave of absence. When Davies returned in October, 1990, he assumed his old position of mechanic. However, Davies retained his manager salary and benefits, including the use of a company car.

In November, 1990, Davies injured his hand requiring medical attention. The injury was covered under Florida's Workers Compensation Act. After the injury, Davies was temporarily reassigned to light duty for the recovery period. However, Davies' employment with BFI was terminated on December 6, 1990. BFI contends that Davies was fired because his injury prevented him

from performing the duties of a mechanic and that there were no other positions available at BFI.

## II. ANALYSIS

### A. Standards for Summary Judgment

Summary Judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). Thus, summary judgment is appropriate where the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law governing the action determines whether an element is essential. *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510. A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *see Brown v. Crawford*, 906 F.2d 667, 669, *cert. denied*, —— U.S. ——, 111 S.Ct. 2056, 114 L.Ed.2d 461 (11th Cir.1990).

Although this circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue of material fact when all the evidence is viewed in the light most favorable to the nonmoving party, *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983); *see also Matsushita Electric Industrial Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct.

---

**2.** Plaintiff was originally hired as a mechanic in July of 1985 by Defendant's predecessor, Wells

Brothers.

1348, 89 L.Ed.2d 538 (1986), "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512, 91 L.Ed.2d at 214.

The Court, however, must avoid weighing conflicting evidence, *Liberty Lobby*, 477 U.S. at 255, 106 S.Ct. at 2514; *Brown v. Hughes*, 894 F.2d 1533, 1536 (11th Cir.1990), *cert. denied*, 496 U.S. 928, 110 S.Ct. 2624, 110 L.Ed.2d 645 (1990); *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir.1986), or making credibility determinations. *Liberty Lobby*, 477 U.S. at 255, 106 S.Ct. at 2514; *see McKenzie v. Davenport Funeral Home*, 834 F.2d 930, 934 (11th Cir.1987). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Liberty Lobby*, 477 U.S. at 255, 106 S.Ct. at 2514 (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970)). Therefore, under this standard of review, the Court must determine whether the movant has met its burden of coming forward with proof of the absence of any genuine issue of material fact.

**B.** *Age Discrimination in Employment Act*

■ Davies seeks redress under the ADEA for the alleged discrimination against him. Consequently, Davies bears the burden of establishing by a preponderance of the evidence that age was a determining factor in the defendant's decision to take adverse employment action against him. *Baker v. Sears, Roebuck & Co.*, 903 F.2d 1515, 1519 (11th Cir.1990) (*citing Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir.1989)).

■ For an age discrimination claim, Davies must first establish a prima facie case. In this circuit, a plaintiff can establish a prima facie case by presenting direct evidence of discriminatory intent. *Carter*, 870 F.2d at 581; *see, Young v. General Foods Corp.*, 840 F.2d 825, 828, *cert. denied*, 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (11th Cir.1988); *Buckley v. Hospital Corp. of America, Inc.*, 758 F.2d 1525, 1529–30 (11th Cir.1985); *Bell v. Birmingham Linen Service*, 715 F.2d 1552, 1557 (11th Cir.1983). Alternately, a plaintiff can establish a prima facie case by presenting circumstantial evidence which passes the burden shifting test set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Young*, 840 F.2d at 828.

■ Once a prima facie case of discrimination is established by direct evidence, the defendant can rebut only by proving by a preponderance of the evidence that the same decision would have been reached even absent the presence of that factor. *Buckley*, 758 F.2d at 1529–30 (*citing Lee v. Russell County Board of Education*, 684 F.2d 769, 774 (11th Cir.1982)). As explained in *Bell*, 715 F.2d at 1557, the defendant cannot refute the direct evidence of discrimination by mere articulation of other reasons. *See also, Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1558, n. 13 (11th Cir.1988). When a prima facie case is established by direct evidence, a defendant's rebuttal burden is heavier than it would be under a *McDonnell Douglas* prima facie case. *Buckley*, 758 F.2d at 1529.

**1.** *Plaintiff's Prima Facie Case*

■ In this case, Davies contends that he has established a prima facie case through direct evidence of discrimination. Davies alleges that at the time that Laws was informing him that he was being removed from the maintenance manager position, Laws stated that he "wanted a younger man in the position." In *Buckley, supra*, (court reversed directed verdict in favor of defendant), the court found that a hospital administrator's comment that the hospital needed "new blood" and statement concerning plaintiff's "advanced age" was sufficient direct evidence from which a reasonable jury could conclude that defendants acted with discriminatory intent.

In *Lindsey v. American Cast Iron Pipe Co.*, 772 F.2d 799 (11th Cir.1985) (court reversed judgment notwithstanding the verdict in favor of the defendant), the court found that a Vice President's statement that when an assistant manager's position opened up,

the company would be looking for a person younger than the plaintiff to fill it, constituted direct evidence of age discrimination. The court also stated that this direct evidence would remove the case from the ambit of *McDonnell Douglas. Id.* at 802.

BFI denies that Laws made this statement. However, under the standard of review applied here, the Plaintiff's evidence must be believed as true. Therefore, viewing the evidence in a light most favorable to the Plaintiff, this Court finds that Davies has established a prima facie case of age discrimination under the ADEA.

### 2. Defendant's Rebuttal

■ BFI claims that "The clear and irrefutable evidence in this case is that BFI reassigned Plaintiff from the Manager position to his former position solely due to his failure to adequately perform the Manager job." Def. Motion at 14. BFI has submitted affidavits that assert that Davies was not properly carrying out the responsibilities of the Manager job and, therefore, was reassigned.

Both Laws and Davies indicate in their affidavits that on several occasions instances arose which required Davies to adjust the way in which he was managing his department. However, Davies asserts that each suggestion or problem was implemented or corrected. BFI asserts that "Plaintiff made little or no effort to improve his performance and, in fact, Plaintiff's performance continued to be inadequate." Def. Motion at 6. However, there is no evidence in the record that these problems were made a part of any personnel file nor was Davies asked to sign off on any disciplinary notification.

BFI also asserts that Laws had other individuals independently assess Davies' performance. Again, the record before this Court is void of any written evaluations, notifications, or other personnel file evidence that would substantiate BFI's contentions.

Assuming that BFI's assertions are true, its evaluations of Davies' performance are based on exhibits which describe the responsibilities of a Maintenance Manager. Laws, in his July 29, 1992, Affidavit, states that Exhibit IIB, attached thereto, is the job description for the Manager position. This exhibit states that "The Maintenance Manager must, in addition to supervising the maintenance of the fleet, also be prepared to actively work with the Maintenance Mechanics both to provide necessary on-the-job training and to perform necessary maintenance so as to keep trucks in service." However, the Defendant, in their March 24, 1992, First Request for Admissions to Plaintiff, ¶ 5, request that the Plaintiff admit that the job description, attached thereto as Exhibit A, is a proper summary. Exhibit A does not contain any of the above cited duties.

Whether Davies could perform in a Manager's position is a material issue in this case. This conflicting evidence proffered by BFI raises a factual issue as to what standard BFI used to evaluate Davies' performance. BFI asserts in its motion that Davies' "limitations and restrictions [resulting from his injury] clearly prohibit the Plaintiff from performing the essential duties and functions of either the Mechanic position *or the Manager position.*" Def. Motion at 11 (emphasis supplied).

Although BFI asserts that Davies was not performing to Laws' expectations as a Manager, there is conflicting evidence in the record as to what Davies' responsibilities actually were. Furthermore, there is no independent evidence in the record that confirms that Laws or anyone else at BFI ever counseled or notified Davies as to his substandard performance. The Court finds that there are genuine issues of material fact concerning the basis for Davies' reassignment.

### III. CONCLUSION

The Court finds that the evidence presented by both the Plaintiff and the Defendant is insufficient to prove that there are no genuine issues as to any material fact. Accordingly, it is

ORDERED that the Defendant's Motion for Summary Judgment (Docket No. 16) be DENIED.

DONE AND ORDERED.