NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1010
_____

DAVID PALMER,

Appellant

v.

BRITTON INDUSTRIES, INC.


_____

On Appeal from the District Court
for the District of New Jersey
(D.C. No. 3:14-cv-05457)
District Judge: Honorable Anne E. Thompson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 1, 2016

Before: HARDIMAN and SCIRICA, *Circuit Judges*,
and ROSENTHAL,* *District Judge*.

(Filed: November 7, 2016)
_____

OPINION**
_____

---

* The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROSENTHAL, *District Judge*.

This age-discrimination dispute requires us to look carefully at the record and the District Court's opinion under a well-established legal framework. David Palmer was 63 when he was hired by Britton Industries, Inc., and, two months later, fired. Palmer alleged that he was fired because of his age, in violation of the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12. Britton Industries contended that it fired Palmer for poor performance. After discovery, Britton Industries moved for summary judgment. The District Court granted the motion, and Britton Industries appealed. We find no error in the grant of summary judgment, and we will affirm.

## I.

In early 2014, Palmer was 63 years old and had extensive experience selling heavy equipment to municipalities. In February, Britton Industries hired him as the Municipal Account Manager, to sell its mulch and other landscaping products to cities and counties in New Jersey and Pennsylvania. Palmer claimed that he and the CEO, James Britton, talked when he was hired and reached a mutual understanding that it would take Palmer at least a year to build his sales to the point of profitability. According to Palmer, they agreed he would be paid a fixed salary for his first year, while he built up his accounts. Palmer claimed that neither Britton nor the General Manager, James Mangarella, gave him a sales quota. Britton Industries hired three more sales representatives in the following weeks: Mark DeAngelo, age 58, Bennett Levitt, age 66, and Mike Perry, age 55.

Palmer began working for Britton Industries on February 12, 2014. The parties agreed that Palmer's sales figures were low. Britton Industries presented summary judgment evidence that Palmer sold only $1,186.01 worth of its products to new customers during his two months with the company. Palmer also made some sales to existing Britton Industries customers, but the record does not reflect their value. Palmer contended that this performance was in line with the expectations that he and James Britton had discussed and was adequate during the year-long ramp-up period. He denied that he had any performance problem.

Britton Industries pointed to summary judgment evidence that within a few weeks after Palmer began working, CEO James Britton and General Manager James Mangarella discussed with each other their disappointment with Palmer's sales performance. On April 9, 2014 — about two months after Palmer started — Mangarella met with Palmer and expressed dissatisfaction with his sales. According to Palmer, in this conversation, Mangarella said that Palmer might be "too old to change industries." App. 85. Mangarella also noted that two other recently hired salesmen, Levitt, age 66, and Perry, age 55, were outselling Palmer significantly.

Six days later, Mangarella fired Palmer. Palmer testified that he believed he was fired for two reasons: his age and "a total lack of understanding on Mr. Mangarella's part of the business that they hired [him] to do." App. 98. After firing Palmer, Britton Industries assigned his responsibilities to four other sales representatives—DeAngelo (age 58), Levitt (age 66), Sean Martini (age 42), and Perry (age 55).

Palmer filed this suit in the District of New Jersey on August 29, 2014. After discovery, Britton Industries moved for summary judgment and the District Court granted the motion. The District Court first held that Mangarella's comment that Palmer was "too old to change industries" during a conversation criticizing his sales performance was not direct evidence of age discrimination. The comment, considered in context, did not itself allow the jury to find that Britton Industries placed "substantial negative reliance" on Palmer's age in deciding to fire him. App. 9. The District Court held that Palmer had not made a *prima facie* showing of age discrimination, given that Britton Industries hired him only two months before firing him, did not fire other sales representatives who were even older or not significantly younger but who had good sales levels, and did not replace him with sufficiently younger employees when he was fired. The District Court held that even assuming a *prima facie* showing, Britton Industries had presented a legitimate nondiscriminatory reason for its decision—Palmer's poor sales performance—and Palmer had not pointed to summary judgment evidence raising a factual dispute material to deciding whether, or supporting an inference that, the reason was false or a pretext for age discrimination, or a but-for cause of the decision to fire him. The District Court granted Britton Industries's motion for summary judgment, and Palmer timely appealed.

**II.**

We review the District Court's grant of summary judgment *de novo*, applying the same standard as that court. *Stratechuk v. Bd. of Educ., S. Orange-Maplewood Sch. Dist.*, 587 F.3d 597, 603 (3d Cir. 2009). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

4

judgment as a matter of law." Fed. R. Civ. P. 56(a). "In making this determination, we 'must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor.'" *Norfolk S. Ry. Co. v. Basell USA Inc.*, 512 F.3d 86, 91 (3d Cir. 2008) (quoting *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 276 (3d Cir. 2001)).

The federal Age Discrimination in Employment Act prohibits employers from taking adverse action against an employee who is at least 40 years old, 29 U.S.C. § 631(a), "because of such individual's age." 29 U.S.C. § 623(a). The New Jersey Act also prohibits employers from discharging employees because of their age. N.J.S.A. § 10:5-12. The same analysis generally governs claims under both statutes. *See, e.g.*, *Schurr v. Resorts Int'l Hotel, Inc.*, 196 F.3d 486, 498 (3d Cir. 1999). Palmer does not advance any distinctive arguments under New Jersey as opposed to federal law, so we will analyze both claims under the federal standards.

Palmer had the burden to show that his "age was the 'but-for' cause of the employer's adverse action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009). It was not enough to show that his age was *a* factor motivating the decision to fire him. Instead, Palmer had to point to summary judgment evidence supporting an inference that his age had a "determinative influence" on the decision. *Id.* at 176 (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)) (emphasis omitted). This burden remained with Palmer; he could meet it through direct or circumstantial evidence. *Id.* at 177.

**III.**

Palmer argued that the District Court erred in finding that Mangarella's alleged remark that Palmer might be "too old to change industries" was not legally sufficient direct evidence of age discrimination. Palmer Br. 10-16. We disagree. Direct evidence must be sufficient on its own to allow a factfinder to determine that age was the but-for cause of the termination decision. This is a high hurdle; the evidence must demonstrate "*without inference or presumption*" that age discrimination was the but-for cause of termination. *Torre v. Casio, Inc.*, 42 F.3d 825, 829 (3d Cir. 1994) (quoting *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir.1990)) (emphasis in original).

Our older cases described direct evidence as "evidence sufficient to allow the jury to find that 'the "decision makers placed substantial negative reliance on [the plaintiff's age] in reaching their decision" to fire him.'" *E.g.*, *Fakete v. Aetna, Inc.*, 308 F.3d 335, 338 (3d Cir. 2002) (quoting *Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 976 (3d Cir. 1998)). These cases cited Justice O'Connor's opinion in *Price Waterhouse v. Hopkins*, which addressed mixed-motive cases under Title VII. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring). The District Court cited this formulation, as do the parties on appeal. This formulation dates from cases decided before the Supreme Court decided *Gross* and held that the causation standard for age discrimination was but-for, not mixed-motive. *See Scheick v. Tecumseh Pub. Sch.*, 766 F.3d 523, 530 (6th Cir. 2014) ("[A]fter *Gross*, we now look to whether evidence, if believed, requires the conclusion that age was the 'but for' cause of the employment decision."). After *Gross*, "substantial negative reliance" on age is not enough; the

6

evidence must be a sufficient basis for a reasonable jury to conclude that age was the determinative, but-for cause of the employee's termination.

Mangarella's remark was direct evidence of discrimination only if it was sufficient, on its own, without inference or presumption, to show that age discrimination was the but-for cause of Palmer's termination. It did not. Mangarella cited Palmer's age as a factor potentially contributing to his poor sales performance, during a meeting about that performance—a meeting at which, as the District Court aptly noted, Mangarella held an *older* salesman up as a positive example for Palmer to emulate. The comment was at most evidence that age was a secondary factor in the decision to fire Palmer. Drawing all inferences in Palmer's favor, the comment demonstrated that Mangarella regarded Palmer's age as one possible reason for his poor performance. The comment did not meet Palmer's causation burden.

The cases Palmer cited to support his argument that Mangarella's comment was direct evidence of discrimination do not help him. These cases involved comments directly linking the protected characteristic to the employment decision,[1] or they held that

---

[1] *See Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999) (pretermination statement that employee should quit because "he may be getting too old to understand the store's new computer programs"); *Taylor v. Runyon*, 175 F.3d 861, 866 (11th Cir. 1999) (statement that female plaintiff was not promoted because successful rival "was a married man with a wife and children to support"); *Caban-Wheeler v. Elsea*, 904 F.2d 1549, 1555 (11th Cir. 1990), *abrogated on other grounds by St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993) (Hispanic plaintiff terminated after black supervisor said that program needed a black director); *Lindsey v. Am. Cast Iron Pipe Co.*, 772 F.2d 799, 802 (11th Cir. 1985) (individual told that company was looking for someone younger to fill a given position); *Williams v. Gen. Motors Corp.*, 656 F.2d 120, 130 (5th Cir. Unit B 1981) (paper with notation "Lay-off Too Old" next to plaintiff's name); *Cordova v. State Farm Ins. Companies*, 124 F.3d 1145, 1149 (9th Cir. 1997) (referring to

the comments showed that age was a "substantial" or "motivating factor" in the determination to fire the employee.[2] These cases, decided under the less-stringent *Price Waterhouse* mixed-motive causation standard and burden-shifting analysis, do not stand for the proposition that the comments at issue in those cases, or Mangarella's comment here, are properly viewed as direct evidence that age was the but-for cause of the firing decision.

## IV.

Even if Palmer had made a *prima facie* showing, after Britton Industries proffered its legitimate reason for firing him, he had the burden of raising a factual dispute that the proffered reason was a pretext and that age discrimination was the but-for cause of the decision. The outcome would not change.

If a plaintiff does not present direct evidence of discrimination, the case proceeds under the familiar *McDonnell Douglas* framework. *Gross* did not change the *McDonnell Douglas* analysis. As this court held in *Smith v. City of Allentown*, 589 F.3d 684 (3d Cir. 2009):

> Under *McDonnell Douglas*, the plaintiff bears the burden of proof and the initial burden of production, having to demonstrate a prima facie case of

---

one Hispanic employee as a "dumb Mexican" during interview with Hispanic job applicant direct evidence of discrimination in decision not to hire the latter employee); *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998), *as amended* (Aug. 31, 1998) (plaintiff not promoted after supervisor stated that he did not want to deal with another woman in the role).

[2] *See Beshears v. Asbill,* 930 F.2d 1348, 1354 (8th Cir. 1991) (statement that "older employees have problems adapting to changes" was sufficient under *Price Waterhouse*).

8

discrimination by showing first, that the plaintiff is forty years of age or older; second, that the defendant took an adverse employment action against the plaintiff; third, that the plaintiff was qualified for the position in question; and fourth, that the plaintiff was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus. Once the plaintiff satisfies these elements, the burden of production shifts to the employer to identify a legitimate non-discriminatory reason for the adverse employment action. If the employer does so, the burden of production returns to the plaintiff to demonstrate that the employer's proffered rationale was a pretext for age discrimination. At all times, however, the burden of persuasion rests with the plaintiff.

*Id.* at 689 (citations omitted); *see also id.* at 691 (holding that this standard does not conflict with *Gross*). To show pretext, "the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a . . . determinative cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). "To discredit the employer's proffered reason, however, the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." *Id.* at 765. "Rather, the non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence,' [*Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 531 (3d Cir. 1992)], and hence infer 'that the employer did not act for [the asserted] non-discriminatory reasons.' *Josey v. John R. Hollingsworth Corp.*,

9

996 F.2d 632, 638 (3d Cir. 1993)." *Id.* (emphasis omitted). "[T]his standard places a difficult burden on the plaintiff . . . ." *Id.*

Palmer argued that the District Court erred when it determined that he did not make a *prima facie* showing of discrimination, and when it held that he had not demonstrated a triable issue as to whether Britton Industries's proffered nondiscriminatory reason for termination was pretextual. Palmer made two arguments on pretext. First, he argued that Mangarella's comment demonstrated pretext. Second, he argued that the Britton Industries managers made inconsistent statements about the sales he was expected to achieve during his first year of work. Neither argument is persuasive. Palmer did not point to summary judgment evidence supporting an inference that, or creating a factual dispute material to deciding whether, the proffered reason was pretextual or that Britton Industries would not have fired Palmer but for his age.

As the District Court properly recognized, Palmer himself admitted that Britton Industries had other reasons besides age to fire him. In his deposition, Palmer testified that he believed he was fired for two reasons: his age and "a total lack of understanding on Mr. Mangarella's part of the business that they hired [him] to do." App. 98. Palmer essentially conceded that because of this "lack of understanding," Britton Industries fired him in part because it believed that he was not performing satisfactorily. Palmer disputed that this belief was correct, but he did not dispute his poor sales results or the good results achieved by other sales representatives, including those near or above his age. Palmer instead argued that Britton Industries should not have viewed his low sales as a performance failure, given the nature of the municipal sales business. But the issue was

10

not whether Britton Industries correctly believed that Palmer's sales performance was unsatisfactory. The issue was whether Britton Industries held this belief and whether there was evidence supporting an inference that the belief was a pretext for age discrimination, or that age discrimination was the but-for cause of the decision to fire Palmer.[3] *Fuentes*, 32 F.3d at 764.

Palmer's argument is that Britton Industries management made inconsistent statements about whether he was given a sales quota, whether it was understood that it would take him some time to make substantial sales, and whether Mangarella or Britton

---

[3] This court's unpublished disposition of a similar case is instructive. In *Kelly v. Moser, Patterson And Sheridan, LLP*, 348 F. App'x 746 (3d Cir. 2009), the defendant law firm fired Kelly, the plaintiff, when he was 52 years old. Kelly began working for the law firm in 2003; his time there was "troubled." *Id.* at 747-48. Among other problems, he failed to meet his billable hour target, had a fractious relationship with his secretary, and angered a major client by performing allegedly shoddy work. *Id.* at 748. As a result of the client's dissatisfaction, the firm wrote off over $70,000 worth of Kelly's legal work. *Id.* In 2004, the law firm fired Kelly. *Id.* The law firm's human-resources director spoke with Kelly after senior partners told him of the termination decision. Discovery revealed that her notes from the meeting included the phrase "older & better paid/younger & cheaper." *Id.* The parties disputed the meaning of that phrase, but for the purposes of summary judgment, we assumed that Kelly's proposed interpretation—that the human resources director had written it herself as a reason that Kelly was being fired—was correct. *Id.* at 750.

The District Court granted summary judgment for the firm, and we affirmed. We found that the law firm had proffered ample legitimate reasons for firing Kelly, and that he had not met his summary judgment burden of showing that those reasons were pretextual. *Id.* at 750-51 Like Palmer in the present case, Kelly relied heavily on the human resource manager's alleged statement that age was a factor in the decision. We rejected this argument, noting that it showed, at most, that "age was one of multiple motivations" for firing Kelly. *Id.* at 751. Given the law firm's legitimate performance-related reasons for firing Kelly—which were not meaningfully disputed—"no reasonable jury could conclude age played a determinative role in his termination . . . . Even though unlikely, at most age was a secondary consideration in the law firm's decision, not a determinative 'but for' factor. This is insufficient under *Gross*." *Id.* So too, here.

made the final decision to fire him. The District Court correctly recognized that to the extent these inconsistencies and contradictions existed, they did not support an inference of pretext. Inconsistent testimony or statements show falsity or pretext only if the inconsistency goes to the explanation for the adverse employment action. *Fuentes*, 32 F.3d at 764. The inconsistencies here do not meet this standard. Britton Industries's proffered reason for firing Palmer did not depend on the existence of a sales quota, did not turn on whether Britton Industries discussed a ramp-up period with him, and had nothing to do with who made the final decision to fire him. The alleged inconsistencies do not undermine Britton Industries's consistent position that it fired Palmer because he did not make any significant number or amount of sales for the two months he was at the company.

## V.

Palmer must raise a factual dispute material to determining whether, or supporting an inference that, Britton Industries would not have decided to fire him but for its age-based animus. He has not done so. The District Court's grant of summary judgment will be affirmed.